Art Raymond **MEDINA**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 01–98–01166–CR, 01–98–01167–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1999.

Floyd W. Freed, III, Houston, for Appellant.

John B. Holmes, Calvin Hartmann, Rikke Burke Graber, Houston, for State.

Panel consists of Justices COHEN, TAFT, and SMITH.[1]

## OPINION

TIM TAFT, Justice.

The trial court revoked appellant's community supervision for two separate cases of possession of cocaine, weighing less than one gram, and granted the State's motion to cumulate the sentences. The trial court assessed punishment for the first possession case (Cause No. 744355) at 10 years in prison to run cumulative to the two years in prison for the second possession case (Cause No. 770970). We address whether the trial court committed reversible error by not conducting a competency hearing and whether the trial court abused its discretion in cumulating appellant's sentences. We affirm.

### Competency

■ In his first issue, appellant contends that the trial court committed reversible error by failing to conduct a com-

1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

petency hearing. The Texas Code of Criminal Procedure provides that if "during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial." TEX.CODE CRIM. P. ANN. art. 46.02, sec. 2(b) (Vernon 1979).

■ In determining whether evidence is sufficient to raise a question of appellant's competency, the trial court examines only the evidence tending to show incompetence to see whether there exists some evidence, a quantity more than none or a scintilla, that may rationally lead to a conclusion of incompetence. *Williams v. State*, 663 S.W.2d 832, 834 (Tex.Crim.App.1984); *Doherty v. State*, 892 S.W.2d 13, 17 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

■ The trial court may rely upon personal observations, known facts, evidence presented, motions, affidavits, or any reasonable claim or credible source creating a bona fide doubt of the defendant's competency to stand trial. *Thompson v. State*, 915 S.W.2d 897, 902 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). Each case is examined on its own facts to determine if there is evidence of recent severe mental illness, bizarre acts, or moderate retardation giving rise to incompetency. *Id.*

Appellant pled guilty in his first case on July 16, 1997. Six months later, after being charged with his second case of possession of cocaine, appellant filed a pretrial motion for a psychiatric examination to determine his competency to stand trial and his sanity at the time of the offense. The motion was granted. In January 1998, Dr. Edward Friedman conducted the evaluations and concluded that appellant was sane and competent to stand trial. Appellant then received his second community supervision on March 25, 1998.

In July 1998, appellant was alleged to have committed possession of marihuana, and motions to revoke appellant's community supervision, alleging numerous violations of conditions, were filed. In September 1998, at the hearing to revoke community supervision in both cases, appellant announced "not ready" because he expected a psychiatrist to evaluate him for depression. The trial court stated that a psychiatric evaluation of appellant had taken place (some eight months before), noting the conclusions of Dr. Friedman. When the trial court asked appellant if he had "anything else," appellant answered in the negative. During the hearing, appellant testified that his need for psychological treatment was the reason why he could not fulfill the terms of his community supervision. No evidence showed that appellant could not assist counsel in his defense, that he could not understand the present proceedings, or even that his condition had changed since his evaluation by Dr. Friedman.

We find that there was no abuse of discretion by the trial court in not conducting a competency hearing. Accordingly, we overrule appellant's first issue raised.

## Cumulative Sentences

In his second issue, appellant contends that the trial court abused its discretion in cumulating the sentences of two separate charges for cocaine possession. Appellant argues cumulation was improper because: (1) it was not imposed when appellant received community supervision in his second case on March 25, 1998; (2) the community supervisions were revoked in a single evidentiary hearing; (3) community supervisions are not intended to be subject to cumulation; and (4) the State's motion to cumulate was in the cause number which the trial court did not cumulate.

### A. Community Supervisions Subject to Cumulation

Appellant relies on *Green v. State*, 706 S.W.2d 653 (Tex.Crim.App.1986), for the proposition that the legislature did not intend for community supervision to be subject to cumulation under article 42.08 of the Code of Criminal Procedure. Appel-

lant overlooks the amendment of article 42.08 in 1987 specifically to allow cumulation of probated sentences (now called community supervisions). Act of May 28, 1987, 70th Leg., R.S., ch. 513, sec. 1, 1987 Tex. Gen. Laws 2125 (now TEX.CODE CRIM. P. ANN. art. 42.08(a) (Vernon Supp.1999)). Moreover, the trial court here did not cumulate a community supervision, as in *Green,* but rather a revoked community supervision. Appellant's third argument is without merit.

## B. Revoked in Single Hearing

■ Appellant claims that section 3.03 of the Texas Penal Code precludes the trial court from cumulating sentences when both motions to revoke community supervision were tried together. The code states in relevant part:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a *single criminal action,* a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

Tex. Penal Code Ann § 3.03(a) (Vernon Supp.1999) (emphasis added). "[T]he term 'criminal action' includes not only appellant's pleas of guilty but also the hearings on the State's motions to revoke his probation. Therefore, to be entitled to concurrent sentences under section 3.03, appellant must establish that the offenses were consolidated at the time of his pleas as well as the hearings on the motions to revoke his probations." *Duran v. State,* 844 S.W.2d 745, 748 (Tex.Crim.App.1992). Here, appellant was charged with the first offense on February 2, 1997. He pled guilty and received a suspended sentence of two years and was placed on community supervision for three years on July 16, 1997. Appellant was charged with the second offense on December 16, 1997 and pled guilty and received ten years community supervision on March 25, 1998. The record thus shows that these offenses were not consolidated at the time of the original

pleas. Therefore, appellant's second argument is without merit.

## C. Cumulation Not Imposed When Original Community Supervision Given

■ Appellant contends that, when the trial court did not cumulate the sentences when community supervision was originally given, it may not do so upon revocation. The State argues that *Burns v. State,* 835 S.W.2d 733 (Tex.App.—Corpus Christi 1992, pet. ref'd), decided this very issue adversely to appellant. While the State is correct, we note that the rationale of *Burns* is based on old law that precedes the amendment of article 42.08(a) allowing for cumulation of community supervisions. *Burns,* 835 S.W.2d at 737. Under the 1987 amendment, it is now possible to cumulate suspended sentences:

> (a) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article [requiring cumulation for offenses committed by prison inmates and prohibiting a prison sentence from being stacked on a probated sentence], in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and the sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years....

TEX.CODE CRIM. P. ANN. art. 42.08(a). Article 42.08(a) does not permit the total years of cumulated community supervision to exceed 10 years, however. Accordingly, the trial court could not have cumulated the

probated sentences in this case (10 years plus two years). *Id.*

We discern that the question appellant raises is whether the 1987 amendment allowing suspended sentences to be cumulated required that suspended sentences be cumulated in order to later cumulate the sentences upon revocation. There appears to be nothing in article 42.08(a) that precludes a trial court from cumulating suspended sentences and then cumulating the sentences again upon revocation in the same cases. Indeed, the plain language of article 42.08(a) appears to give the trial court discretion to cumulate at both sentencing proceedings. Here, of course, the trial court did not cumulate, and could not have cumulated, the suspended sentences. The question of whether the trial court could have cumulated both the suspended sentences and the sentences upon revocation of community supervision is therefore not squarely before us. Nevertheless, the present case illustrates why appellant's position is not wise. It would allow for cumulation of revoked sentences only when suspended sentences totaling less than 10 years had been assessed and only when those suspended sentences were cumulated originally. We believe that appellant's position simply amounts to reading too many restrictions into the plain language of article 42.08(a). Indeed, it would preclude cumulation in more serious cases where longer suspended sentences were assessed. Presumably, cumulation is more appropriate in these more serious cases upon revocation. Accordingly, appellant's first argument is without merit.

**D. State's Motion in Other Cause Number**

■ The legislature gave trial judges the discretion to cumulate the sentences for two or more convictions, with or without a motion from the State. TEX.CODE CRIM. P. ANN. art. 42.08(a). Therefore, any variance between the State's motion and the trial court's cumulation order is irrelevant. Appellant's fourth argument is without merit.

We overrule appellant's second issue raised.

### Conclusion

We affirm the judgment of the trial court.