In The

Court of Appeals

For The

First District of Texas

_______________


NO. 01-01-00270-CR

NO. 01-01-00271-CR

_______________


JUAN ROMELLE FRANKLIN, Appellant

V.

THE STATE OF TEXAS, Appellee

 
On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause Nos. 770082, 768668

 


O P I N I O N


 Appellant challenges the orders revoking community supervision in case
numbers 768668 and 77082. We affirm.

 In case number 768668, on November 17, 1997, the State charged that on April
29, 1996, appellant stole an automobile valued at more than $20,000 and less than
$100,000. In case number 770082, on December 5, 1997, the State charged that, on
June 20, 1997, appellant stole a drum machine valued at more than $1,500 and less
than $20,000. In case number 768668, on December 1, 1997, pursuant to a plea
agreement, the court assessed appellant's punishment at 10 years community
supervision, including various terms and conditions. In case number 770082, on
December 8, 1997, pursuant to a plea agreement, the court assessed appellant's
punishment at confinement in a state jail for two years, probated for five years, and
subject to other terms and conditions.

 On January 26, 2001, the State filed its second amended motions to revoke
community supervision in both cases. In both cases, the motions to revoke, among
other things, alleged appellant violated the first condition of his community
supervision--not to violate state law-- by (1) forging a $400 check on June 18, 1999,
in Montgomery County, (2) causing bodily injury to a police officer on June 14, 2000,
in Harris County, (3) fleeing from a police officer on June 14, 2000, in Harris County,
(4) stealing a computer valued between $1,500 and $20,000, on June 14, 2000, (5)
giving a fictitious name to a police officer on June 14, 2000 in Harris County, (6)
obstructing a police officer from arresting him on June 14, 2000, and (7) carrying a
handgun on June 14, 2000 in Harris County. The motions also alleged appellant
technically violated conditions of his community supervision by not paying restitution
as ordered and not paying the victim's compensation fund as ordered. In both cases,
on February 8, 2001, appellant entered into stipulations of evidence in which he
stated: "it is true that I violated the terms and conditions of probation stated in the
attached State's Motion." 

 The day appellant made the stipulations, the trial court held a sentencing
hearing, and had the following exchange with appellant:

 Court: Sir, are the allegations in the motion to revoke true or not true,
sir?


 Appellant: Some of them are true ma'am.


 Court: Which of those allegations are true?


 Appellant: Well, the evading arrest is true. And carrying a gun. And
not paying my fine.


 Court: Are you pleading true to those allegations, sir, because the
allegations are true and for no other reason?


 Appellant: Yes ma'am.


 Later, the court informed appellant that the State was about to introduce State's
Exhibit 1(appellant's stipulations) and asked him if he realized it says that he admits
he violated his probation, to which he responded, "Yes, ma'am." The court admitted
the stipulations.

 Later, when the court asked if there was any other evidence, appellant's
counsel responded that appellant wanted to make a statement to the court concerning
reinstatement of his community supervision. Appellant explained to the court that the
reason he stopped reporting to his probation officer was that he had a motor cycle
accident; that at the time of the accident, his wallet was stolen. After he had
recovered from the accident and his motorcycle had been repaired, he was stopped
in Harris County on a traffic violation, at which time he was jailed on a warrant for
a theft in Montgomery County. After the Montgomery County authorities transferred
appellant to a Montgomery County jail, and he informed the Montgomery County
magistrate of the theft of his wallet containing his identification, the magistrate
released him on a personal recognizance bond. At his next appearance before the
Montgomery County court, three people who had stolen his wallet and used his
identification were in custody. The Montgomery County court dismissed the case
against him. However, meanwhile, the Montgomery County incident had caused
Harris County authorities to issue a warrant for appellant's arrest for violation of the
conditions of his community supervision. So when he was again stopped by a
Houston police officer, he drove away because he had already been in jail once in
Montgomery County for the unfounded charge. The allegations of aggravated assault
on a Houston peace officer were false. He left the stop scene without hurting the
peace officer.

 The State adduced no evidence to contradict appellant's testimony. However,
on cross-examination, the prosecutor got appellant to acknowledge that, at the very
least, appellant had given a peace officer a false name, he had possessed a gun, and
he had run from a peace officer, three law violations of his community supervision. 
In closing argument, appellant's counsel indicated that a jury had convicted appellant
of evading arrest for which the court had sentenced him, but that appellant had not
been found guilty of the charge of aggravated assault of a peace officer.

 At the conclusion of the hearing, the court stated: "on your pleas of true and
after hearing the evidence I will find the allegations in the State's motion to revoke
probation to be true." The trial court did not specify which allegations in the State's
motion to revoke community supervision it found true. It revoked appellant's
community supervision in each case. In case number 770082, it assessed appellant's
punishment at two years confinement in the state jail and a $10,000 fine. In case
number 768668, it assessed appellant's punishment at 10 years confinement in the
penitentiary and a $10,000 fine. The court cumulated the sentences, announcing that
appellant would serve his time in state jail first and then in the penitentiary.

 In each case, the court entered an order on February 8, 2001, revoking
appellant's community supervision. To each revocation order the court attached an
addendum, stating that on February 8, 2001, the court sentenced appellant in cause
numbers 768668, 770082, and 865187 (1) (for evading arrest for one year of
confinement in the Harris County jail). The orders specify that appellant is to begin
serving the sentence in cause number 770082 when the sentence in cause number
865187 ceases to operate, and serving the sentence in cause number 768668 when the
sentence in cause number 770082 ceases to operate.

 On February 14, 2001, the court signed a second addendum to the judgment
that changed the sequence in which the sentences were to be served so that appellant
is to begin serving the sentence in cause number 768668 (10 years confinement in the
penitentiary) after serving the sentence in cause number 865187 (one year in Harris
County jail), and serving the sentence in cause number 770082 (two years in the state
jail) after serving the sentence in cause number 768668.

 The order in case number 768668 also stated the court's finding that appellant
violated the conditions of his community supervision in that:

 He committed the offense of forgery June 18, 1999 in Montgomery
County Tx. aggravated assault on a peace officer on June 14, 2000
Harris County, Tx. Evaded arrest, theft, gave false information to a
peace officer. failed to report, failed to perform community service
hours, failed to pay [supervisory?] [sic]] fees, court cost, attorney fees,
restitution, and victim compensation fund.


In case number 770082, the order stated the court's finding that appellant violated the
conditions of his community supervision in that:

 He committed the offense of aggravated assault of peace officer on 6-14-2000, in Harris County, Tx., evaded arrest on 6-14-00, committed the
offense of theft 6-14-00, gave false information to a peace officer. Carry
a handgun on 6-14-00, failed to report to his probation officer, failed to
perform community service hours, failed to pay attorney fees,
restitution, victim compensation fund.


 Counsel has filed briefs stating her opinion that the appeals are frivolous. 
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant has
filed a pro se response to the Anders brief. 

Propriety of Revocation Findings

 Despite having characterized appellant's appeals as frivolous, in her briefs,
appellant's counsel notes:

 From uncontradicted statements at the hearing, it appears that Appellant
had been acquitted in a jury trial of the offense of aggravated assault on
a peace officer, being convicted only of evading arrest in that trial (the
allegation to which he pleaded true) and that a different person had
stolen his wallet and committed the forgery offense in Montgomery
County. There was no evidence to support a finding that he had
committed theft of a computer on June 14, 2000, and there was no
discussion of any alleged theft on that date.


Counsel then requests this Court, under the authority of Texas Rules of Appellate
Procedure 43.2(b) and Smith v. State, 790 S.W.2d 366 (Tex. App.--Houston [1st
Dist.] 1990, pet ref'd), to correct the order revoking community supervision to delete
the references to the 6/14/00 theft offense and offense of aggravated assault on a
peace officer in case number 770082, and to delete the Montgomery County forgery
offense and Harris County offense of aggravated assault on a peace officer findings
in case number 768668. 

 We decline this invitation to reform the judgment. Appellant conceded that the
allegations that appellant carried a handgun and obstructed a police officer from
arresting him were true. The trial court having found these allegations to be true, it
is not necessary to address appellant's contentions that other findings are erroneous. 
See Moore v. State, 11 S.W.3d 495, 501 (Tex. App.--Houston [14th Dist.] 2000, no
pet.).

Propriety of Sentence Cumulation Orders

 In the Anders brief, appellant's counsel initially suggests that by changing the
order in which the sentences are to be served, the trial court may have improperly
increased the probability that appellant will be incarcerated for a longer period of
time by virtue of the way the Texas Board of Pardons and Paroles administers its
parole policy regarding cumulated sentences. In his pro se response, appellant asserts
that the trial court unlawfully changed the order in which the sentences are to be
served to increase the time he would serve in case number 768668. 

 Although he does not explicitly say so, appellant's contention that his
sentences were unlawfully cumulated undoubtedly is based on article 42.08 of the
Texas Code of Criminal Procedure, which provides that when a defendant has been
convicted in two or more cases, at the discretion of the trial court, "the judgment in
the second and subsequent convictions may either be that the sentence imposed or
suspended shall begin when the judgment and the sentence imposed or suspended in
the preceding conviction has ceased to operate, or that the sentence imposed or
suspended shall run concurrently with the other case or cases . . . ." Tex. Code Crim.
P. Ann. art. 42.08 (Vernon Supp. 2002) (emphasis added). Here, by implication
appellant is asserting that the court is violating art. 42.08 by stacking a subsequent
conviction (of theft, on December 8, 1997 in case number 770082, two years
confinement) on a preceding conviction (of theft on December 1, 1997, in case
number 768668, 10 years confinement). 

 Appellant's counsel asserts that because appellant will have the two-year
sentence to serve after the 10-year sentence, under the way the Texas Board of
Pardons and Paroles administers its parole policy, it will make appellant serve more
of the 10-year sentence before giving appellant parole than it would if appellant
would be going to the penitentiary without a two-year sentence to serve afterward. 

 However, as appellant's counsel acknowledges, the Court of Criminal Appeals
has held such a cumulation order does not violate article 42.08. See Pettigrew v.
State, 48 S.W.3d 769, 773 (Tex. Crim. App. 2001), and there is nothing in the records
of these cases about the parole board's policy for granting parole in cases in which
the sentences have been cumulated.

 Accordingly, we agree with appellant's counsel's ultimate conclusion on this
matter that an assertion that the trial court erred in the way it cumulated appellant's
sentences would be frivolous.

Effectiveness of Appellate Assistance of Counsel

 In his pro se response, appellant complains that his court-appointed appellate
counsel only had a very short verbal contact with him, without getting any
information from him to help his case. Appellant also complains that appellate
counsel withdrew from his appeals without informing him that she was doing so.

 Appellant does not affirmatively demonstrate that his appellate counsel's
representation is deficient or prejudicial. See Williams v. State, 946 S.W.2d 886, 904
(Tex. App.--Waco 1997, no pet.) (citing McFarlane v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996)). On the contrary, we are impressed with the thoroughness
of appellant's counsel's briefs and examination of the records. Regarding appellate
counsel's motions to withdraw from appellant's appeals, appellate counsel has
followed the procedure prescribed in Anders for withdrawal from appeals in which
appellate counsel, after a thorough examination of the case, has concluded the appeal
would be wholly frivolous. See Anders, 87 S. Ct. at 1400. Additionally, we note that
although appellant's counsel has moved this Court for withdrawal from appellant's
appeal, that motion has not been granted until the issuance of this opinion. 
Appellant's complaints regarding the effectiveness of assistance of his appellate
counsel are without merit.

Double Jeopardy

 In his pro se response, appellant also cites to us cases dealing with the issue of
whether the double jeopardy bar applies to the proof of enhancement paragraphs. (2) 
Because none of appellant's cases involved enhancement paragraphs, these cases are
inapplicable.

Necessity of Motion to Cumulate Sentences

 Appellant complains that the trial court cumulated appellant's sentences
without a State's written motion to cumulate sentences being on file. The legislature
has given trial judges the discretion to cumulate the sentences for two or more
convictions with or without a motion from the State. Medina v. State, 7 S.W.3d 876,
880 (Tex. App.--Houston [1st Dist.] 1999, no pet.). Accordingly, this complaint is
without merit.


Admonishments

 Without asserting how it affects the presumed regularity of the trial court's
orders revoking his community supervision, appellant cites to us portions of article
26.13 of the Texas Code of Criminal Procedure, dealing with the admonishments that
the trial court is required to give a defendant before he or she pleads guilty. We
decline to speculate in what way this is germane to appellant's appeals.

Peace Officer Testimony and Plea Agreement

 Appellant complains that a peace officer was permitted to testify at his
sentencing hearing despite the fact that the charge against him for aggravated assault
of a peace officer was dismissed. Appellant also complains that at his sentencing
hearing, there was mention of his attempting to make a plea bargain in the case
against him for aggravated assault of a peace officer. We have examined the three
volumes of reporter's records filed with these appeals, and could find no testimony
given by a peace officer or mention of a plea agreement. These complaints are
without merit.

Independent Record Review

 We have independently reviewed the record and find no arguable grounds for
appeal. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).


Conclusion

 We affirm the judgment.

 We grant appellant's motion to withdraw. See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). Counsel still has a duty to
inform appellant of the result of this appeal and also to inform appellant that he may,
on his own, pursue discretionary review in the Court of Criminal Appeals. See Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).


 Adele Hedges

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.


Do not publish. Tex. R. App. P. 47.


1. A third case in which appellant has been convicted, but which is not part of
these appeals.
2. Monge v. California, 118 S. Ct. 2246 (1998); Ex parte Stuart, 653 S.W.2d
13 (Tex. Crim. App. 1983); Cooper v. State, 631 S.W.2d 508 ( Tex. Crim. App.
1982).