# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00083-CR

**Clay Joiner AKA Claborn Joiner, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 00-017-K26, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING

This is an appeal from an order revoking community supervision. Appellant asserts that on the hearing of the motion to revoke, the trial court erred in failing to allow him to file a motion for continuance and in failing to inquire into his competence to stand trial. The court=s order revoking community supervision will be affirmed.

In his first point of error, appellant urges that the Atrial court abused its discretion by effectively denying the appellant his right to file a written motion for continuance, in order to preserve error for review.@ A criminal action may be continued on the *written* motion of the defendant for sufficient cause fully set forth in the motion. *See* Tex. Code Crim. Proc. Ann. art. 29.03 (West 1989). All motions for continuance must be *sworn to* by a person having personal knowledge of the facts relied upon for the continuance. *See id.* art. 29.08. A defendant=s motion for a continuance on the account of an absent witness must comply with the requirements of the Code of Criminal Procedure. *See id.* art. 29.06. Among

the requirements is the need to show diligence to procure the attendance of the witness by having applied for a subpoena and if authorized a writ of attachment. *Id.*

Defense counsel had been appointed more than three months before the revocation hearing. During this time, three prior settings had been continued by agreement. Defense counsel had not subpoenaed the witnesses. When the trial court asked for announcements on the hearing of the motion to revoke, the State announced ready. Defense counsel orally expressed a need for a continuance to obtain the presence of two unnamed, out-of-county witnesses. Counsel told the court that these witnesses had not been subpoenaed. During an extended colloquy, defense counsel said, AI can write out a written motion if you would like, Judge, to put in the record.@ The court did not comment on counsel=s suggestion of filing a written motion for continuance. When the colloquy ended, the court overruled appellant=s oral motion for a continuance. Counsel made no further objections.

An oral motion for the continuance of a hearing on a motion to revoke community supervision presents nothing for review. *See O=Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); *see also Dixon v. State*, 64 S.W.3d 469, 472 (Tex. App.CAmarillo 2001, no pet.). The only means of preserving error in the overruling of a motion for continuance due to the absence of a witness is by a motion for new trial. *Taylor v. State*, 612 S.W.2d 566, 569 (Tex. Crim. App. 1981); *Latham v. State*, 20 S.W.3d 63, 65 (Tex. App.CTexarkana 2000, no pet.); *Hackleman v. State*, 919 S.W.2d 440, 452 (Tex. App.CAustin 1996, pet. ref=d, untimely filed).

Moreover, it is not necessary to pass upon the court=s overruling of a motion for continuance unless a motion for new trial is presented alleging facts to support the error claimed. *See*

*Varela v. State*, 561 S.W.2d 186, 191 (Tex. Crim. App. 1978); *see also Spencer v. State*, 503 S.W.2d 246, 247 (Tex. Crim. App. 1974); *Fields v. State*, 495 S.W.2d 926, 927 (Tex. Crim. App. 1973); *Flores v. State*, 789 S.W.2d 694, 698 (Tex. App.CDallas 1990, no pet.). The motion for new trial should allege that the witness would actually testify to the facts alleged in the motion for new trial. *See Varela*, 561 S.W.2d at 191. The affidavit of the witness must be attached to the motion for new trial. *Id.* A motion for new trial and attached affidavit are not self proving. *Taylor*, 612 S.W.2d at 570. The motion and affidavit or the testimony of the witness must be offered in evidence on the hearing of the motion for new trial. *Id.*

Here, appellant=s motion for new trial was not sworn to; it did not allege what testimony the witnesses would have furnished, and affidavits of the witnesses were not attached to the motion. Appellant failed to obtain a hearing on his motion for new trial. There is no evidence to support the motion for new trial. This motion for new trial failed to preserve for review the error claimed in appellant=s first point of error. It has not been shown that the trial court abused its discretion in denying appellant=s oral motion for a continuance. Appellant=s first point of error is overruled.

In his second point of error, appellant complains that the trial court abused its discretion by not inquiring into his competence to stand trial. Prior to the hearing on the motion to revoke community supervision, no motion was filed asserting that appellant was not competent to stand trial. *See* Tex. Code Crim. Proc. Ann. art. 46.02, ' 2(a) (West 1979). The test for legal competency to stand trial is whether the defendant has the present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. *See id.* ' 1A(a)(1)(2) (West Supp. 2002); *Rice v. State*, 991 S.W.2d 953, 957 (Tex. App.CFort Worth 1999, pet.

**3**

ref=d).  A defendant is presumed to be competent to stand trial.  Tex. Code Crim. Proc. Ann. art. 46.02, '

1A(a)(2)(b) (West Supp. 2002).

A trial court is required to conduct a non-jury hearing on whether to hold a jury trial on the defendant=s competency if evidence of the defendant=s competency is brought to the attention of the court from any source.  *Id.* ' 2(b) (West 1979); *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997).  A hearing is required only if the evidence brought to the judge=s attention is such as to raise a *bona fide* doubt in the judge=s mind as to the defendant=s competency to stand trial.  *Collier*, 959 S.W.2d at 625; *see also Williams v. State*, 663 S.W.2d 832, 833-34 (Tex. Crim. App. 1984); *Medina v. State*, 7 S.W.3d 876, 878 (Tex. App.CHouston [1st Dist.] 1999, no pet.).

Generally, a *bona fide* doubt is raised, so as to require a hearing, only if the evidence indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant.  *Collier*, 959 S.W.2d at 625; *see also Mata v. State*, 632 S.W.2d 355, 359 (1982); *Porter v. State*, 623 S.W.2d 374, 380 (1981); *Medina*, 7 S.W.3d at 878; *Rice*, 991 S.W.2d 957.

At the outset of the probation revocation hearing, appellant=s counsel stated to the trial court that she had learned from appellant=s probation officer that there were Asome concerns@ regarding his communications skills raised by his performance on a substance abuse evaluation and a recommendation that appellant undergo a psychological evaluation, which appellant never did.  Appellant=s counsel stated that she had learned from appellant that he had been in special education programs Athroughout school.@  Trial counsel informed the court that she and appellant had had Aquite a bit of communication problems.@  Appellant=s counsel stated AI=m wondering . . . if perhaps I should not have him examined for competency . .

. .@ However, counsel was not sufficiently concerned about appellant=s competency to file a written motion seeking a competency hearing; the competency questions may have been raised in the continuing effort to gain a continuance.

Appellant had completed the eleventh grade in school. Appellant had never been treated in a psychiatric hospital or mental facility; he had never attempted suicide; psychotropic medications had never been prescribed for appellant. While on community supervision, appellant had attended G.E.D. classes, performed community service, and had been employed by a company. A community supervision officer testified that appellant understood what was required of him by the terms of his community supervision. When questioned by the court about the allegations of the motion to revoke, appellant answered the court=s questions appropriately. Appellant testified and was cross-examined concerning his alleged violations of the terms of his community supervision. Appellant testified that he had three children and asked for another opportunity for rehabilitation. The competency issue was not raised in appellant=s motion for new trial. The trial court may rely upon personal observations, known facts, evidence presented, or any reasonable claim creating a *bona fide* doubt of the defendant=s competency to stand trial. *See Rice*, 991 S.W.2d at 958.

The evidence before the trial court did not indicate that appellant suffered from recent severe mental illness, moderate retardation, or had engaged in truly bizarre acts. *See Collier*, 959 S.W.2d at 625; *Medina*, 7 S.W.3d at 877-78; *Rice*, 991 S.W.2d at 956-57. The trial court did not abuse its discretion in failing to conduct a hearing to inquire into appellant=s competency to stand trial. Appellant=s second point of error is overruled.

The order of the trial court revoking community supervision is affirmed.

**5**

Carl E. F. Dally, Justice

Before Justice Kidd, Puryear and Dally[*]

Affirmed

Filed:   August 30, 2002

Do Not Publish

[*]   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).