Texas Dept of Crim Justice v. John C. Cook















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-307-CV

     TEXAS DEPARTMENT 
     OF CRIMINAL JUSTICE,
                                                                              Appellant
     v.

     JOHN C. COOK, JR.,
                                                                              Appellee
 

From the 87th District Court
Leon County, Texas
Trial Court # AP-99-227B
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      John C. Cook, Jr. filed suit against the Texas Department of Criminal Justice (“TDCJ”) for
injuries he sustained when a TDCJ bus in which he was a passenger ran off a rain-slicked highway
and crashed. The trial court denied TDCJ’s plea to the jurisdiction premised on sovereign
immunity. TDCJ perfected this interlocutory appeal. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8) (Vernon Supp. 2002). TDCJ has now filed a motion to dismiss its appeal, stating
that the parties have settled their dispute.
      Rule of Appellate Procedure 42.1(a)(2) provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
      TDCJ’s dismissal motion complies with the requirements of the appellate rules. Cook has not
filed a response. Accordingly, this appeal is dismissed with costs to be taxed against the party
incurring same.
                                                             PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed September 18, 2002
Do not publish
[CV06]



-height: 0.388889in">Motion to Dismiss
      In his first issue, Fletcher contends the trial court erred in overruling his motion to dismiss
the State’s motion to revoke. He argued two grounds in his motion to dismiss. The first ground
asserted his community supervision already should have been revoked. Fletcher moved to revoke
his community supervision over five years earlier in 1995 while he was in prison on other charges. 
The motion was denied. The record does not indicate whether a hearing was held on Fletcher’s
motion to revoke. Fletcher asserted in his motion to dismiss the State’s motion to revoke that he
was entitled to a speedy hearing on his motion to revoke rather than waiting over five years. The
second ground in his motion to dismiss was a claim that his plea to the March conviction was
involuntary. At the hearing on the motion to dismiss the State’s motion to revoke, the trial court
determined it would hear the motion “only as it relates to the voluntariness or involuntariness of
the plea.” Fletcher did not complain about this limitation and presented testimony concerning the
voluntariness of his plea. The trial court denied his motion to dismiss.
      The issue Fletcher has raised on appeal is the issue the trial court did not rule on in the motion
to dismiss the State’s motion to revoke: that he should not have his community supervision
revoked five years after he had moved to have it revoked. The issue the trial court ruled on was
whether the plea was involuntary. Thus, Fletcher’s issue on appeal does not comport with the
issue ruled on by the trial court. He did not object to the court’s refusal to hear his remaining
issue. Thus, his issue on appeal presents us with nothing for review. See Tex. R. App. P. 33.1.
      If the trial court’s global denial of the motion to dismiss preserved this issue for our review,
notwithstanding the express limitation on the ruling by the court, we also overrule the issue on the
merits. The ground Fletcher asserted in his motion to revoke his community supervision in 1995
was not the ground on which his revocations were based in 2001. In fact, in 2001 when he was
paroled on other charges not related to the charges in these cases, the condition of community
supervision which Fletcher asserts he violated while in prison was removed as a condition in the
three cases before us. The three orders of community supervision were ultimately revoked on
entirely different grounds. Issue one is overruled.
Cumulated Sentences
      In his second issue, Fletcher argues the trial court erred when it cumulated the March
conviction with the December convictions. He contends the offenses were prosecuted in a single
criminal action when the court heard the motion to revoke regarding the March conviction after
hearing the motion to revoke regarding the December convictions but before sentence was
pronounced in those offenses. Thus, he argues that the trial court is precluded from ordering the
March conviction to run consecutively to the December convictions.
      Section 3.03 of the Texas Penal Code provides:
When the accused is found guilty of more than one offense arising out of the same
criminal episode prosecuted in a single criminal action, a sentence for each offense for
which he has been found guilty shall be pronounced. . . . [T]he sentences shall run
concurrently.

Tex. Pen. Code Ann. § 3.03(a) (Vernon Supp. 2002).
      The crux of the dispute is whether the three offenses were prosecuted in a single criminal
action. A defendant is prosecuted in a “single criminal action” when allegations and evidence of
more than one offense arising out of the same criminal episode


 are presented in a single trial or
plea proceeding. Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995); La Porte v.
State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). If a defendant is tried, convicted, and
placed on community supervision in separate proceedings, section 3.03(a) does not apply even if
the causes are later consolidated for the purpose of revoking supervision. Duran v. State, 844
S.W.2d 745, 746 (Tex. Crim. App. 1992); Dach v. State, 49 S.W.3d 490, 491 (Tex.
App.—Austin 2001, no pet.). "[T]o be entitled to concurrent sentences under [section] 3.03 [a
defendant] must establish that the offenses were consolidated at the time of his pleas as well as the
hearings on the motions to revoke his probation." Duran, 844 S.W.2d at 748 (Baird, J.,
concurring); Medina v. State, 7 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 1999, no pet.).
      Fletcher pled guilty to and was placed on community supervision for the March conviction
in a separate proceeding three months after he was placed on community supervision for the
December convictions. Because the offenses were not consolidated for the original proceedings,
section 3.03 of the Texas Penal Code does not apply. The trial court did not err in cumulating the
March conviction with the December convictions. Fletcher’s second issue is overruled.
Conclusion
      Having overruled Fletcher’s issues on appeal, the trial court’s judgment is affirmed.
 
                                                                         TOM GRAY
                                                                         Justice


Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 3, 2002
Do not publish
[CR25]