Opinion Issued January 27, 2005




     







In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-00304-CR
          01-03-00305-CR




SHANNON LYNN SHARP, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 85th District Court
Brazos County, Texas
Trial Court Cause Nos. 28198-85 and 28243-85




MEMORANDUM OPINION
          Appellant, Shannon Lynn Sharp, pleaded guilty to forgery, and his punishment
was assessed at two years in prison, probated for five years of community
supervision. Appellant also pleaded guilty to tampering with evidence, and his
punishment was assessed at 10 years in prison, probated for seven years of
community supervision. On February 11, 2003, the trial court held a contested
hearing on the State’s motion to revoke community supervision. The trial court found
the allegations in the motion true and revoked appellant’s community supervision in
both cases. The trial court sentenced appellant to two years in prison and 10 years in
prison for the forgery and tampering-with-evidence charges, respectively. The trial
court ordered that the prison terms run consecutively. We determine whether (1) the
judgment revoking appellant’s community supervision is defective, (2) appellant’s
due process rights were violated, (3) the trial court erred in cumulating appellant’s
sentences, and (4) appellant was denied effective assistance of counsel. We affirm. Background
          The State filed several motions to revoke appellant’s community supervision. 
In cause number 28243-85, for tampering with evidence, the State filed its first
motion to revoke on April 2, 2001. The State filed its second motion to revoke in this
cause number on March 4, 2002. In cause number 28198-85, for forgery, the State
filed its first motion to revoke on March 23, 2001, its second motion to revoke on
March 4, 2002, and an amended motion to revoke on January 29, 2003. The amended
motion to revoke was mistakenly filed in the record for cause number 28243-85. 
          On February 11, 2003, the trial court held a contested hearing on the motions
to revoke community supervision. The trial court found the allegations true and
revoked appellant’s community supervision in both cause numbers. 
Judgment Revoking Community Supervision
          In his first and second points of error, appellant contends that the judgment
revoking his community supervision is defective because it fails to state which
conditions of community supervision appellant violated. Appellant contends that the
trial court’s failure to identify the community-supervision conditions with which he
failed to comply violates article 42.01 of the Texas Code of Criminal Procedure and 
infringes upon his Due Process rights. See U.S. Const. amend. V; Tex. Code Crim.
Proc. Art. 42.01 (Vernon Supp. 2004-2005).
          Appellant first asserts that the judgment revoking his community supervision
failed to comply with article 42.01 of the Texas Code of Criminal Procedure because
it did not indicate which conditions of community supervision appellant was found
to have violated. Article 42.01 of the Code of Criminal Procedure requires that the
judgment reflect the verdict or verdicts of the jury or the findings of the court. Tex.
Code Crim. Proc. Ann. art. 42.01, §1(7) (Vernon Supp. 2004-2005). Absent
evidence of impropriety, a reviewing court is required to indulge every presumption
in favor of the regularity of the proceedings and documents in the lower court. Light
v. State, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000). 
          Appellant correctly asserts that the revocation order in this case does not state
the specific ground or grounds on which it was based, but references only the State’s
motion to revoke. However, absent a defense request for more specific findings, this
general finding is sufficient. King v. State, 649 S.W.2d 42, 46 (Tex. Crim. App.
1983). The record in this case does not reflect that defense counsel requested more
specific findings. Despite the fact that the order stated “see attached motion to
revoke” for the conditions of community supervision violated, and the order lacked
an attached motion to revoke, the record contains the State’s motions to revoke. 
          Moreover, appellant concedes in his brief that the record supports some of the
violations listed in the State’s motions. Appellant contends that “the record does not
contain the same violations alleged in the last motion to revoke filed” in cause
number 28243-85, but declines to show which violations are not supported by
evidence in the record. 
          A review of the record shows that evidence does exist to support the State’s
allegations that appellant violated conditions three and five of his community
supervision, or that he failed to submit to a urinalysis and failed to maintain
employment. Appellant’s community supervision officer, Lance Bledsoe, testified
that appellant had failed to submit to a urinalysis on November 15, 2001. Likewise,
appellant testified that he had failed to submit to the urinalysis on the same date. 
Bledsoe also testified that appellant had informed him that he had quit his job and had
failed to find another job. This evidence supports the State’s allegations in its last
motion to revoke in each cause number, that appellant violated conditions three and
five of his community supervision. 
          We overrule appellant’s first point of error.
          In his second point of error, appellant contends that his Due Process rights
were violated. Appellant contends that the judgment revoking community
supervision failed to indicate which conditions of community supervision were
violated and that, “[w]ithout these findings Appellant, through his substituted
appointed counsel, is being denied notice as to what to argue on appeal.” However,
as discussed previously, absent defense counsel’s specific request, the trial court’s 
general finding was sufficient. See King, 649 S.W.2d at 46. 
          We overrule appellant’s second point of error. 
Cumulated SentencesIn his third point of error, appellant contends that the trial court erred in
cumulating the sentences for his underlying convictions because the original
sentences were set to run concurrently. 
          When punishment is assessed in multiple cases and the defendant is placed on
community supervision, the trial court may provide that the community supervision
terms run concurrently or consecutively. The trial court’s decision regarding
community supervision bears no relationship to whether, if the community
supervision is revoked, the sentences will run concurrently or consecutively. Gordon
v. State, 575 S.W.2d 529, 535 (Tex. Crim. App. 1978). It is not until the community
supervision is revoked and the sentences are imposed that the question of whether the
sentences will run concurrently or consecutively arises. Tex. Code Crim. Proc.
Ann. art. 42.08 (Vernon Supp. 2004-2005). 
          If the original offenses that led to community supervision were part of the same
criminal episode and convictions were obtained as part of the same criminal action,
then any sentences imposed must run concurrently. Duran v. State, 844 S.W.2d 745,
747 (Tex. Crim. App. 1992); Medina v. State, 7 S.W.3d 876, 879 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). “Criminal episode,” as defined in chapter
3.01 of the Texas Penal Code, means the commission of two or more offenses,
regardless of whether the harm is directed toward or inflicted upon more than one
person or item of property, when the offenses are committed pursuant to the same
transaction or pursuant to two or more transactions that are connected or constitute
a common scheme or plan or the offenses are the repeated commission of the same
or similar offenses. See Tex. Pen. Code Ann. § 3.01 (Vernon 2003). “Criminal
action” includes not only appellant’s pleas of guilty, but also the hearings on the
State’s motions to revoke community supervision. See Duran, 844 S.W.2d at 748. 
          On appeal, appellant mentions only that he was prosecuted in a single criminal
action, and he fails to address whether the offenses arose out of the same criminal
episode. Forgery and tampering with evidence are not the same or similar offense;
therefore, the offenses were not part of the same criminal episode unless they were
committed pursuant to the same transaction or pursuant to two transactions that were
connected or constituted a common scheme or plan. See Tex. Pen. Code Ann. §
3.01. In this case, the record does not reflect, and appellant does not argue, that the
forgery and tampering-with-evidence charges were connected. Thus, appellant has
failed to show that the offenses were both part of the same criminal action and
criminal episode; the trial court, therefore, did not err in ordering appellant’s
sentences to run concurrently. See Duran, 844 S.W.2d at 747.
          We overrule appellant’s third point of error. 
Effectiveness of Counsel
          In his fourth point or error, appellant contends that he was denied effective
assistance of counsel because his first appointed appellate attorney failed to perform
critical post-judgment actions. Appellant asserts that, “[b]ut for Mr. Erratt’s complete
lack of activity at least a Motion for New Trial and Motion for Shock Probation
would have been filed.”
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). See Thompson v. State, 9 S.W.3d 808, 812 ( Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying
Strickland standard at punishment phase of non-capital trial). Appellant must show
both that (1) counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment and (2) there is a reasonable
probability that, but for counsel’s error or omission, the result of the proceedings
would have been different, i.e., the error or omission was sufficient to undermine
confidence in the proceeding’s outcome. Strickland, 466 U.S. at 687-96, 104 S. Ct.
at 2064-69. The constitutional right to counsel does not mean the right to errorless
counsel. Saylor v. State, 660 S.W.2d 822, 824 ( Tex. Crim. App. 1983). In
determining whether counsel was ineffective, we consider the totality of the
circumstances of the particular case. Thompson, 9 S.W.3d at 813. 
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). We will normally
not speculate to find trial counsel ineffective when the record is silent on counsel’s
reasoning or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Gamble, 916 S.W.2d at 93. However,
“in the rare case” in which the record suffices “to prove that counsel’s performance
was deficient” despite the record’s silence concerning counsel’s strategy, “an
appellate court should obviously address the [ineffective-assistance] claim . . . .” 
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). 
          Appellant contends that, but for counsel’s lack of activity, additional motions
would have been filed during the first sixth months after trial. However, for appellant
to prevail on his claim of ineffective assistance of counsel, he must show a reasonable
probability that the motions in question would have been granted. See Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). In this case, appellant has not
attempted to show that a motion for new trial or a motion for shock probation would
have been granted if they had been presented to the trial court. Accordingly,
appellant has not satisfied the second element of Strickland. 
          We overrule appellant’s fourth point of error. 
Conclusion
          We affirm the judgment of the trial court. 
 
 
 

                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).