Affirmed and Opinion filed February 15, 2007








Affirmed and Opinion filed February 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00265-CR

NO. 14-06-00266-CR

____________

 

HIJINIO TREVINO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court

Harris County, Texas

Trial Court Cause Nos. 1006221
& 1006222

 



 

O P I N I O N

Appellant pled guilty to two charges of burglary of a
habitation and the trial court sentenced him to ten years= probation on each
case.  The trial court subsequently granted the State=s motion to revoke
probation in both cases and sentenced appellant to eight years= confinement on
both charges, the sentences to run consecutively.  We affirm.








Background

The State=s motion to revoke probation alleged that
appellant violated the terms of his probation by failing to satisfy several
administrative conditions of probation and by committing another offense
against the State of Texas.  After hearing the testimony of the investigating
officers, the complainants in the second offense, and the community supervision
officer, the trial court found that appellant committed another offense against
the State of Texas and revoked appellant=s probation.

In six points of error, appellant contends (1) the trial
court erred in admitting evidence over hearsay and confrontation clause
objections, (2) the evidence is not sufficient to support the finding that appellant
committed another offense, and (3) the trial court abused its discretion in
ordering appellant to serve his sentences consecutively.

Three college students, Tim Sims, Michael Hoetzlein, and
Michael Nestico, were vacationing in South Padre Island when they were robbed
at gunpoint by appellant and two co-defendants.  The complainants were walking
from a restaurant on the island to their condominium when a Cadillac with Ohio
license plates stopped approximately three feet in front of them.  Tim Sims testified
that appellant stepped out of the back seat of the car and told the
complainants to stop and give him their wallets.  When Sims heard this he
turned around and saw appellant holding a gun to Hoetzlein=s head.  Hoetzlein
gave appellant the beer he was carrying, but did not give him his wallet. 
Appellant then turned the gun on Sims and asked for his wallet and the beer he
was carrying.  Sims=s wallet was in the bag with the beer, so
he gave his wallet and beer to appellant.  Appellant then turned the gun on
Nestico and took his beer.  All three complainants identified appellant as the
gunman and said they saw two other people in the car.  Sims identified his
stolen credit cards, which were found in the car.  The State moved to revoke
appellant=s probation based on this alleged aggravated robbery.

 








Evidentiary Issues

In his first two points of error, appellant contends that
the trial court erred in permitting Detective Jaime Rodriguez to testify about
what appellant=s co-defendant said in his statement following the
aggravated robbery of the complainants.  Appellant objected at trial that he
was deprived of his Sixth Amendment right to confront the witnesses against
him.  Appellant further contends the testimony was inadmissible hearsay.

Jaime Rodriguez, a detective with the South Padre Island
Police Department, testified as follows:

Q.  Did you interview the co-defendant, Aaron (sic) Gonzalez?

 

A.  Yes, I did.

 

Q.  Did he give you a statement?

 

A.  Yes, ma=am.

 

Q.  Did he say anything that was inconsistent with this defendant=s guilt?

 

[Defense counsel]: Objection,
Your Honor, to what some other person said.  That=s hearsay.  He=s a co-defendant, it=s not prudent in that line of the case, not admissible.  I object to
this witness testifying what some other person told him.

 

[Prosecutor]:
We=d argue it was a statement of a party to the offense.

 

THE COURT:
It=s overruled.  I=ll
allow it.

 

[Defense
counsel]: May B I=m sorry, may I
have a running objection to any B 

 

THE COURT:
Certainly.








[Defense
counsel]: Under Bruton, I want to get on the record, it violates my right to
confront, cross-examination.  It=s
hearsay.

 

Confrontation
Clause

In his first point of error, appellant argues that Officer
Rodriguez= testimony violated his rights under the Sixth
Amendment=s Confrontation Clause as enunciated in Bruton v.
United States, 391 U.S. 123, 135B37, 88 S.Ct. 1620,
1627B28, 20 L.Ed.2d 476
(1968).  In Bruton, the Supreme Court found that the admission of such evidence would
violate the defendant=s Sixth Amendment right to confrontation because the co‑defendant
could not be cross‑examined regarding the statement.  391 U.S. at 136; 88
S.Ct. at 1628.  In Crawford v. Washington, 541 U.S. 36, 124 S.Ct.
1354, 158 L.Ed.2d 177 (2004), the Court broadened the holding in Bruton,
finding that the admission of testimonial hearsay violated the Confrontation
Clause unless the declarant was shown to be unavailable to testify and the
defendant had a prior opportunity to cross-examine the declarant.  








The
State first asserts that appellant waived his objection by introducing Gonzalez= statement during the
cross-examination of Rodriguez.  During cross-examination, appellant introduced
Gonzalez= statement into evidence.  When the
court replied that the statement had already been admitted, appellant responded
AI offer Defense 1 to meet, rebut,
explain the defendant=s testimony that came in over objection as to what Mr.
Gonzalez told him.@  If a defendant introduces evidence to refute, deny,
contradict, or impeach evidence properly objected to, no waiver of the
objection occurs.  Maynard v. State, 685 S.W.2d 60, 65B66 (Tex. Crim. App. 1985).  The State
contends that because appellant did not attempt to limit the admission of the
statement until after it was admitted, appellant waived error.  In determining
whether a complaint has been preserved for appeal, the ultimate consideration
is whether the party has clearly made the trial court aware of what he wants
and why he is entitled to it at a time when the trial court is in a position to
do something about it.  Keeter v. State, 175 S.W.3d 756, 760 (Tex. Crim.
App. 2005).  Although appellant did not state the purpose for which he offered
the evidence until after he offered it, he timely objected to the statement
when it was first introduced and the trial court was aware of the nature of
appellant=s objection.  Therefore, appellant preserved error for review.

The State further responds by asserting that because a
revocation hearing is not a criminal prosecution, neither Bruton, nor Crawford
applies to this case.  Whether the Confrontation Clause applies to
probation revocation proceedings is an issue of first impression in this court,
but has been addressed by other courts of appeals in Texas.  Both the Beaumont
Court of Appeals and the San Antonio Court of Appeals have found that the Sixth
Amendment right to confrontation does not apply to revocation proceedings.  See
Diaz v. State, 172 S.W.3d 668, 672 (Tex. App.CSan Antonio 2005,
no pet.); Smart v. State, 153 S.W.3d 118, 120 (Tex. App.CBeaumont 2004,
pet. ref=d).  

Most
federal appellate courts have held that the Sixth Amendment does not apply to
hearings in which the government seeks revocation of supervised release (the
federal equivalent of probation and parole).  See e.g., Ash v. Reilly,
431 F.3d 826, 830 (D.C. Cir. 2005); United States v. Rondeau, 430 F.3d
44, 47B48 (1st Cir. 2005); United States
v. Hall, 419 F.3d 980, 985B86 (9th Cir. 2005); United States v. Kirby, 418 F.3d
621, 627B28 (6th Cir. 2005); United States
v. Aspinall, 389 F.3d 332, 342B43 (2d Cir. 2004); United States
v. Martin, 382 F.3d 840, 844 n.4 (8th Cir. 2004); but see U. S. v.
Jarvis, 94 Fed. Appx. 501, 502 (9th Cir. 2004) (not designated for
publication) (ADue process mandates that at revocation proceedings, the releasee  must
be afforded the right to confront and cross-examine adverse witnesses unless
the hearing officer specifically finds good cause for not allowing
confrontation.@).








This
court has consistently held in light of the Confrontation Clause=s focus on criminal prosecutions,
that the clause does not apply to post-conviction proceedings.  See Walker
v. State, 14-03-01057-CR, 2004 WL 503331 (Tex. App.CHouston [14th Dist.] March 16, 2004,
pet. ref=d) (not designated for publication); Nunez
v. State, No. 14‑02‑00685‑CR, 2003 WL21354257 (Tex. App.CHouston [14th Dist.] June 12, 2003,
pet. ref=d) (not designated for publication); Calvin
v. State, No. 14‑02‑01204‑CR, 2003 WL 22303837 (Tex. App.CHouston [14th Dist.] October 9, 2003,
pet. ref=d) (not designated for publication); Thompson
v. State, 123 S.W.3d 781, 783B84 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  Nothing in the Supreme Court=s opinion in Crawford
indicates an intent to extend the Confrontation Clause beyond the purview of
the criminal prosecution.  See U. S. v. Rondeau, 430 F.3d at 47.  We
therefore join our sister courts of appeals and the majority of the federal
courts of appeals in concluding that because a probation revocation hearing is
not a criminal prosecution, and therefore, the protections of the Confrontation
Clause do not apply.  Appellant=s first point of error is overruled.

Hearsay

In his second point of error, appellant argues his
co-defendant=s statement was inadmissible hearsay.  Gonzalez= statement is
hearsay because it is an out‑of‑court assertion offered to prove
the truth of the matter asserted.  See Tex. R. Evid. 801(d).  The State argued at the hearing that
Gonzalez= statement is a
statement against penal interest,[1]
which is an exception to the hearsay rule. See Tex. R. Evid. 803(24).  Whether an out‑of‑court
statement is admissible under an exception to the general hearsay exclusion
rule is a matter within the trial court=s discretion.  Zuliani
v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).  Our role is limited
to determining whether the record supports the trial court=s ruling.  See
Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994).








A statement against penal interest includes a statement
which, at the time of its making, so far tended to subject the declarant to
criminal liability that a reasonable person in the declarant=s position would
not have made the statement unless he believed it to be true.  Tex. R. Evid. 803(24).  An admission
against a co‑defendant declarant=s penal interest
may be admissible against the defendant so long as it is sufficiently against
the declarant=s interest to be reliable and is sufficiently
corroborated by other evidence.  Dewberry v. State, 4 S.W.3d 735, 751B52 (Tex. Crim.
App. 1999).  A co-defendant=s confession is presumptively unreliable
as to those portions that detail a co‑defendant=s conduct or
culpability because those portions may be the result of the co-defendant=s desire to shift
the blame, curry favor, avenge himself, or divert attention to another.  Lee
v. Illinois, 476 U.S. 530, 545, 106 S.Ct. 2056, 2064, 90 L.Ed.2d 514
(1986).

In his statement, Gonzalez implicated appellant: he stated
that appellant was the one who opened the car door and pointed the gun at the
complainants.  Gonzalez= statement does not tend to inculpate
himself, but rather is an attempt to shift the blame to appellant. 
Accordingly, Gonzalez= statement does not fall under the
admission against interest exception to the hearsay rule.  See Zarychta v.
State, 961 S.W.2d 455, 458 (Tex. App.CHouston [1st
Dist.] 1997, pet. ref=d).  Therefore, the trial court erred in
admitting such testimony.

In determining whether the trial court=s error is
reversible, we apply the harm analysis for non-constitutional error.  See
Potier v. State, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002); Tex. R. App. P. 44.2(b).  Error is
harmless if, after examining the record as a whole, we are reasonably assured
the error either did not influence the trial court=s decision or had only
a slight effect.  Garcia v. State, 126 S.W.3d 921, 927 (Tex. Crim. App.
2004).  The improper admission of evidence is not reversible error if the same
or similar evidence is admitted without objection at another point in the
trial.  Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999).  In
this case, all three complainants identified appellant as the man who exited
the car and pointed the gun at them.  Therefore, any error committed by the
trial court in admitting Gonzalez= statement was
harmless.  See Tex. R. App.
P. 44.2(b).  Appellant=s second point of error is overruled.

Sufficiency of the Evidence








In his third through fifth points of error, appellant
argues that the trial court erred in finding that he committed the offense of
aggravated robbery because the evidence was not sufficient to establish his
guilt by a preponderance of the evidence.  In a probation revocation
proceeding, the State bears the burden to establish the alleged violations of
the trial court=s order by a preponderance of the
evidence.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). 
In determining whether the allegations in the revocation motion are true, the
trial court is the sole trier of facts, the judge of the credibility of the
witnesses, and the arbiter of the weight to be given to the testimony.  Taylor
v. State, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); Akbar v. State,
190 S.W.3d 119, 123 (Tex. App.CHouston [1st Dist.] 2005, no pet.).  Proof
of a single violation is sufficient to support revocation of probation.  Greer
v. State, 999 S.W.2d 484, 486 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d).

Appellant was charged with the aggravated robbery of the
three complainants, Sims, Hoetzlein, and Nestico.  A person commits the offense
of aggravated robbery if, in the course of committing theft and with intent to
obtain or maintain control of property, he intentionally or knowingly threatens
or places another in fear of imminent bodily injury or death and uses or
exhibits a deadly weapon.  Tex. Penal
Code Ann. '' 29.02 & 29.03.  Here, the evidence
shows that appellant and two others stopped their vehicle within five feet of
the complainants while the complainants were walking along the side of the
road.  Appellant stepped out of the vehicle, pointed a gun at the complainants
and demanded their wallets and beer.  Sims=s wallet and the
other complainants= beer and food were found in the vehicle
less than ten minutes after the robbery.  As the sole judge of the credibility
of the witnesses, the trial court could have found by a preponderance of the
evidence that appellant violated the terms of his probation.  Appellant=s third through
fifth points of error are overruled.

Consecutive Sentences








In his sixth point of error, appellant argues that the
trial court erred in ordering the sentences in both convictions to run
consecutively where the indictments alleged offenses committed during the same
criminal episode and appellant was prosecuted in the same criminal action.  If
the original offenses that led to community supervision were part of the same
criminal episode and convictions were obtained as part of the same criminal
action, then any sentences imposed must run concurrently.  Duran v. State,
844 S.W.2d 745, 747 (Tex. Crim. App. 1992); Tex.
Penal Code Ann. ' 3.03.  ACriminal episode,@ as defined in
chapter 3.01 of the Texas Penal Code, means the commission of two or more
offenses, regardless of whether the harm is directed toward or inflicted upon
more than one person or item of property, when the offenses are committed
pursuant to the same transaction or pursuant to two or more transactions that
are connected or that constitute a common scheme or plan or the offenses are the
repeated commission of the same or similar offenses.  See Tex. Pen. Code Ann. ' 3.01.  
Accordingly, a trial court improperly stacks sentences when the offenses arise
out of the same criminal episode and the proceeding is a single criminal
action.  Tex. Penal Code Ann. ' 3.03.

Appellant was originally charged in two separate
indictments with the offense of burglary of a habitation.  In cause number
1006221, appellant pled guilty to a burglary committed on November 3, 2004
against Mike Nance.  In cause number 1006222, appellant pled guilty to a
burglary committed on November 3, 2004 against Cynthia Mendez.  Separate plea
papers were filed and separate judgments were entered.  Because appellant
waived a court reporter at the plea hearing, the record does not reflect
whether the burglaries were prosecuted in a single action.  Appellant contends
that because the revocation motions were heard in the same hearing, which
constituted a single punishment hearing was held, implicating the application
of section 3.03.  To be entitled to concurrent sentences, however, appellant
must establish that the offenses were consolidated at the time of his pleas as
well as at the hearing on the revocation motions.  See Medina v. State,
7 S.W.3d 876, 879 (Tex. App.CHouston [1st Dist.] 1999, no pet.). 
Because appellant failed to establish that the offenses arose out of the same
criminal episode and that he was prosecuted in a single criminal action, the
sentences were properly cumulated.  See Duran, 844 S.W.2d at 747 (Baird,
J. concurring).  Appellant=s sixth point of error is overruled.

 








The judgment of the trial court is affirmed.

 

 

 

 

 

/s/      Adele Hedges

Justice

 

 

 

 

Judgment rendered
and Opinion filed February 15, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Publish C Tex. R. App. P. 47.2(b).

 









[1]  At the hearing when appellant objected on hearsay
grounds, the prosecutor responded, AWe=d argue it was a statement of a party to the offense.@  We interpret this argument to refer to the hearsay
exception of a statement against penal interest.