John Joseph YATALESE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00340–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 13, 1999.

---

Alex G. Azzo, Houston, for Appellant.

John B. Holmes, Eric Kugler, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

## OPINION

MURRY B. COHEN, Justice.

The jury found the appellant guilty of aggravated sexual assault of a child. The trial judge assessed punishment at 55 years in prison. We affirm.

## Legal and Factual Sufficiency of the Evidence

In points of error one and two, appellant claims the evidence was legally insufficient to show he penetrated the complainant's sexual organ and factually insufficient to show he committed the offense. We follow the usual standards of review. *Jones v. State,* 944 S.W.2d 642, 647 (Tex. Crim.App.1996) (legal sufficiency).

The six-year-old complainant testified that appellant put his finger inside her "private spot ... between her legs." The complainant's mother testified that the complainant meant "vagina" by "private spot." This evidence sufficed to show penetration.

Appellant claims the following evidence weighs against his conviction: (1) the complainant did not identify him in court; (2) she never specifically said appellant penetrated her sexual organ; (3) the complainant did not immediately reveal the crime for fear of punishment, telling her mother only after repeated questioning; (4) the complainant's testimony was partially inconsistent with that of her mother and appellant's roommate; and (5) the complainant's medical tests were equally consistent with both normal conditions and sexual trauma.

However, both the complainant and her mother identified appellant in court. The complainant testified that penetration occurred. The complainant told her mother of the incident, and appellant's roommate saw appellant leave his unlighted bedroom in front of the complainant, who was pulling up her shorts. The mother testified the complainant was under 14 and not appellant's wife. Appellant presented no evidence of his own. It was for the jury to judge the complainant's credibility and demeanor and assess what weight to give any contradictory testimony. *See Cain v. State,* 958 S.W.2d 404, 408–09 (Tex.Crim. App.1997). The evidence does not make appellant's conviction manifestly unjust or

against the great weight and preponderance of the evidence.

We overrule points of error one and two.

### Evidence of the Complainant's Subsequent Behavior

■ In point of error three, appellant claims that the trial judge erred in admitting evidence at the guilt/innocence stage of the complainant's behavior after the offense:

State: How has this changed—had you noticed any sort of change in [the complainant] since this happened?

Mother: Oh, yes.

State: Okay. How have you noticed her change?

Mother: She has a very bad attitude now. It's affected her in school. She—

Defense Counsel: Judge, I object. This is irrelevant.

The Court: Overruled.

State: Go ahead.

Mother: She is very—she has a lot of anger, very hateful now. Just very—overall, just different.

State: Now, you say, "now." What did she used to be like?

Mother: She was a—just a normal, regular little girl. I mean, she wouldn't—I didn't have as much problems with her then before as I do now.

The judge could have concluded, without abusing her discretion, that this change in behavior after the offense tended to prove that the offense occurred. Appellant cites no authority to the contrary. Here, appellant argued to the jury that no offense occurred. A change for the worse in the complainant's behavior after the offense is consistent with a traumatic event having befallen her. *See Wood v. State,* 80 Tex. Crim. 398, 189 S.W. 474, 476–77 (1916) (victim's post-rape condition admissible when consent at issue); *compare Brown v.*

*State,* 757 S.W.2d 739, 740–41 (Tex.Crim. App.1988) (victim's post-rape condition irrelevant when defense was alibi and no one disputed rape's occurrence). We hold the evidence was relevant because it tended to make more probable the existence of a fact of consequence to the determination of this action. Tex.R. Evid. 401.

We overrule point of error three.

### Response to Jury Questions

■ In point of error four, appellant claims the trial judge did not follow Code of Criminal Procedure article 36.27's procedure in an answer and comments during jury deliberations. *See* TEX. CODE CRIM. P. art. 36.27 (Vernon 1981). The point is waived because appellant expressly approved the judge's action.

■ In point of error five, appellant contends the judge commented on the weight of the evidence. Again, appellant did not object. Contrary to appellant's contention, nothing shows he had no opportunity to object. Even if appellant did not know in advance to expect the judge's statement, he cannot say nothing and then complain on appeal for the first time. Tex. R.App. P. 33.1.

We overrule points of error four and five.

### Cruel and Unusual Punishment

■ In points of error six and seven, appellant claims his punishment was cruel and unusual. *See* U.S. Const. amend. VIII, XIV; Tex. Const. art. I, § 13. Appellant did not preserve error because he did not object. *See Solis v. State,* 945 S.W.2d 300, 301–02 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd).

We overrule points of error six and seven.

### Ineffective Assistance of Counsel

In points of error eight and nine, appellant asserts his trial counsel was ineffective. Nothing in the record shows

counsel's reasons for the complained-of conduct.[1] We will not speculate on the matter. *Gamble v. State,* 916 S.W.2d 92, 93 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

We overrule points of error eight and nine.

We affirm the judgment.

---

1. Appellant's new trial motion, on which there was no hearing, did not allege counsel was ineffective.