COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-312-CR
 
MELVIN MAX RAY, 
SR.                                 APPELLANT
 
V.
 
THE STATE OF 
TEXAS                                        STATE
 
------------
 
FROM THE 
362ND DISTRICT COURT OF DENTON COUNTY 
 
------------
 
OPINION
 
------------
        Appellant Melvin Max Ray, Sr. was charged by a three-count indictment 
with the offense of aggravated sexual assault. Upon his plea of guilty, the jury 
assessed his punishment for each count at sixty years’ confinement in the 
Institutional Division of the Texas Department of Criminal Justice. The trial 
court sentenced him accordingly. Appellant brings five points on appeal, 
challenging the trial court’s ruling on a challenge for cause, certain evidentiary 
rulings, and the constitutionality of the sentence imposed. Because we hold 
that the trial court did not err, we affirm the trial court’s judgment. 
Challenge for Cause
        In his first point, Appellant contends that the trial court erred in denying 
his challenge for cause. Appellant was eligible for community supervision, and 
during voir dire, counsel questioned the members of the jury panel on their 
ability to consider community supervision as a possible sentence. 
Veniremember Hu made it clear that she did not like community supervision and 
did not consider it a proper punishment. But when asked whether she could 
follow the law and consider probation “in a case like this,” she agreed that she 
would follow the law. Defense counsel pursued the subject: 
DEFENSE COUNSEL: So you could consider it?
        . . . . 
VENIREPERSON: I can consider that, but I don’t feel like it’s
enough punishment.
 
DEFENSE COUNSEL: Can you consider with the idea of actually 
giving it? Can you consider it—actually giving it in a case like this? 
 
VENIREPERSON: I would have to look at the case. 
 
DEFENSE COUNSEL: Well, the law requires that we have a yes or 
no answer, ma’am. So could you consider with the concept of 
giving probation in a case like this? 
 
VENIREPERSON: I would consider, but not—yeah, I may not give 
it.
 
DEFENSE COUNSEL: I’m sorry? 
 
VENIREPERSON: I would consider it. 
 
DEFENSE COUNSEL: You could consider it, or can you consider it 
with the idea of giving it is the question. 
 
VENIREPERSON: At this point, yes. 

        A defendant is entitled to have only jurors who will consider the full range 
of punishment applicable to the offense with which he is charged. 
 

 A 
veniremember is not required to promise to give a particular sentence, only to
consider it with the idea of actually being able to give it. Hu properly answered
that, having heard no evidence, she could consider the entire range of
punishment, including probation. If a veniremember states that he or she can
follow the law despite personal prejudices, the trial court abuses its discretion
by allowing a challenge for cause on that basis.
 

 Because Hu clearly stated that 
she could consider assessing a sentence of community supervision, having
heard no evidence, the trial court did not err in denying Appellant’s challenge. 
We overrule Appellant’s first point.
Admission of Extraneous Offense
        In his second point, Appellant argues that the trial court reversibly erred 
in overruling his objection to State’s Exhibit Number Five because “it was not 
a final conviction against the Appellant and did not meet the requirements of 
a ‘conviction’”. Appellant correctly states that, regardless of the plea and 
regardless of whether punishment be assessed by judge or jury, evidence may 
be offered by the State and the defendant as to any matter the court deems 
relevant to sentencing, including but not limited to the prior criminal record of 
the defendant. 
 

 But Appellant argues that the exhibit was not admissible 
because it was not a final conviction. The exhibit shows that Appellant was
placed on one year’s probation in Missouri for passing a bad check. He
apparently completed probation successfully, his guilty plea was withdrawn,
and the case was dismissed. This procedure appears similar to that of deferred
adjudication under Texas law. Evidence of a prior deferred adjudication
community supervision is admissible at punishment.
 

 Unadjudicated offenses 
are also admissible.
 

 The trial court did not err in admitting State’s Exhibit 
Number Five. We overrule Appellant’s second point. 
 
 
 
Attorney-Client Privilege 
        In his third point, Appellant argues that the trial court erred in admitting 
certain written communications because they were irrelevant and immaterial 
and violated the attorney-client privilege and Appellant’s privacy rights. While 
Appellant was in jail, Denton County Sheriff’s Deputy Billy Cordell examined 
some of Appellant’s outgoing mail that was addressed to “Cirrillo and 
Cirrillo—Attorneys at Law.” The envelopes had been returned to the jail as 
undeliverable because of insufficient or incorrect addresses. Cordell could not 
find an address for Cirrillo and Cirrillo in the book of attorneys’ addresses. 
Cordell opened the mail and found that the letters were not written 
communications to an attorney. The envelopes apparently contained letters 
written to Appellant’s daughter and her husband. 
        Appellant’s complaint on appeal is not that the letters were opened, but 
that they were improperly admitted into evidence. The letters were not 
communications with counsel in furtherance of the rendition of professional 
legal services. 
 

 Instead, the letters were an attempt to influence the testimony 
of Appellant’s daughter. As such, their admission was not a violation of
attorney-client privilege, and the letters were both material and relevant to
sentencing issues. Appellant has failed to preserve his privacy violation
complaint.
 

 For all of these reasons, we overrule Appellant’s third point. 
Exclusion of Evidence
        In his fourth point, Appellant argues that the trial court erred in excluding 
evidence of Complainant N.R.’s promiscuity. Rule 412 of the Texas Rules of 
Evidence prohibits the introduction of evidence of a complainant’s previous 
sexual conduct unless the probative value outweighs the danger of unfair 
prejudice.
 

 The trial court implicitly found that the probative value of this 
evidence did not outweigh the danger of unfair prejudice. The excluded
evidence included testimony that N.R. had voluntarily slept with other men, had
“messed around” with a friend’s husband, and had engaged in a lesbian
relationship. Applying an abuse of discretion standard,
 

 we hold that the trial 
court did not abuse its discretion in excluding the testimony of N.R.’s purported
sexual misconduct. We overrule Appellant’s fourth point.
 
Constitutionality of Sentence 
        In his fifth and final point, Appellant argues that his punishment was cruel 
and unusual and disproportionate in light of the facts that he had no prior 
felonies or sexual convictions, that he was intoxicated and addicted to illegal 
drugs when the sexual acts occurred, that he was remorseful and had 
attempted to rehabilitate himself while in jail, and that there were only four 
instances of sexual activity. The State argues that Appellant waived his 
complaint by not objecting to the sentence at trial. 
        In response to a complaint that the punishment assessed exceeds the 
statutory maximum, the Court of Criminal Appeals has stated, 
                “We have long held that a defect which renders a 
sentence void may be raised at any time.” Heath v. 
State, 817 S.W.2d 335, 336 (Tex. Crim. App. 1991). 
See also Ex parte McIver, 586 S.W.2d 851, 854 (Tex. 
Crim. App. 1979) (Habeas corpus relief will issue to a 
person in custody under a sentence which is void 
because the punishment is unauthorized), Ex parte 
Harris, 495 S.W.2d 231, 232 (Tex. Crim. App. 1973) 
and Ex parte White, 659 S.W.2d 434, 435 (Tex. Crim. 
App. 1983). 
 



        Similarly, a challenge to the jury charge may be raised for the first time 
on appeal, although reversal is proper only if the appellant shows egregious 
harm.
 

 Finally, the unconstitutionality of a statute may be raised for the first 
time on appeal.
 

 If the punishment imposed on Appellant is cruel and unusual, 
then it is an unconstitutional punishment, the statute permitting cruel and
unusual punishment may be suspect, and the jury charge allowing the jury to
impose a constitutionally impermissible sentence may be subject to attack.
        The Court of Criminal Appeals, however, held in 1983 that the failure to 
challenge a sentence and the jury charge permitting the sentence in the trial 
court waives the “cruel and unusual” complaint on appeal, although the Court 
then addressed the merits of the complaint. 
 

 Indeed, this court, following this 
precedent, has held that an appellant waives the cruel and unusual complaint
if not raised in the trial court.
 

 On the other hand, in 1984, the Court handed 
down Almanza, striking down the automatic reversal rule but reaffirming the
ability to raise charge error causing egregious harm for the first time on
appeal.
 

 It is clear that a well-founded complaint of cruel and unusual 
punishment may be raised for the first time in an application for writ of habeas
corpus complaining of ineffective assistance of counsel if the trial lawyer failed
to challenge the sentence in the trial court. While the Court of Criminal Appeals
and our sister courts of appeal hold that the “cruel and unusual” complaint is
waived if not raised at trial, they nevertheless address the merits of the
complaint. Consequently, it is not clear to us whether this complaint of
constitutional error may be raised for the first time on direct appeal. We,
therefore, shall address Appellant’s point in the interest of justice and, because
the same complaint may be raised in a subsequent writ, at least in the guise of
ineffective assistance of counsel, in the interest of judicial economy.
        At the time of the instant offenses, Complainant N.R. was approximately 
thirteen years old and Appellant was in his early forties. N.R. was a friend of 
Appellant’s daughter. Soon after they met, Appellant began providing both girls 
with marihuana. He also gave the girls alcohol. After approximately a year, he 
began giving the girls cocaine. Appellant asked N.R. to fondle his testicles 
while he smoked crack, to show her appreciation to him. Also in exchange for 
the drugs, Appellant made N.R. perform oral sex on him at least twice. 
Appellant performed oral sex on N.R. at least once. Appellant either attempted 
to have or had vaginal sexual intercourse with N.R. at least twice as well. 
Applying the analysis announced by this court in Moore v. State, 
 

 we hold that 
the sentence was not cruel and unusual, nor was it unconstitutionally
disproportionate. We overrule Appellant’s fifth point on appeal. Conclusion
        Having overruled Appellant’s five points on appeal, we affirm the trial 
court’s judgment. 
 
                                                  LEE ANN DAUPHINOT 
                                
                  JUSTICE
PANEL B:   DAUPHINOT, GARDNER, and WALKER, JJ. 
GARDNER, J. filed a concurring opinion.
WALKER, J. concurs without opinion.
 
PUBLISH
DELIVERED: October 2, 2003





 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 2-02-312-CR

MELVIN MAX RAY, SR.                              APPELLANT 
 
V.
 
THE STATE OF TEXAS                                     STATE 
 
------------
 
FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        I join in the majority opinion and the result reached by it except as to that 
portion expressing doubt as to whether Appellant waived his complaint of 
constitutional error based upon cruel and unusual punishment. 
        Appellant’s only complaint with respect to cruel and unusual punishment 
is that his sentence is “grossly disproportionate” to the offense in violation of 
the Eighth and Fourteenth Amendments to the United States Constitution. U.S. 
Const. amends. VIII, XIV; Robinson v. California, 370 U.S. 660, 667, 82 S. Ct. 
1417, 1420-21 (1962) (holding Eighth Amendment as applied to states through 
Fourteenth Amendment encompasses proportionality principle); see also Solen 
v. Helm, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009-10 (1983) (holding state 
sentence may run afoul of Eighth Amendment proportionality principle even if 
within range permitted by statute). Appellant complains that the severity of the 
sentence demonstrates a “lynch mob mentality” of the jury spurred on by 
overzealous prosecution. 
        Appellant asserts no challenge on appeal to the jury charge or as to the 
constitutionality of any statute. Therefore, despite the thoughtful analysis of 
the majority as to possible complaints relating to cruel and unusual punishment 
that might be raised on appeal without objection in the trial court, to me the 
law seems well established that Appellant’s proportionality complaint was 
waived by failure to object in the trial court to the sentence imposed. See, e.g., 
Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding 
complaint that death sentence violated constitutional prohibition against cruel 
and unusual punishment contained in Eighth and Fourteenth Amendments 
waived by failure to object in trial court); Garcia v. State, 887 S.W.2d 846, 861 
(Tex. Crim. App. 1994) (holding error as to constitutionality of statute 
addressing death sentence and jury charge on punishment waived by failure to 
object in trial court), cert. denied, 514 U.S. 1005 (1995); Schneider v. State, 
645 S.W.2d 463, 466 (Tex. Crim. App. 1983) (holding complaint that sentence 
was void as inflicting cruel and unusual punishment waived by failure to object 
in trial court); Jacobs v. State, 80 S.W.3d 631, 633 (Tex. App.—Tyler 2002, 
no pet.) (holding proportionality complaint of sentence based on Eighth 
Amendment waived by failure to object in trial court); Steadman v. State, 31 
S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (holding 
complaints that sentence violated equal protection and constituted cruel and 
unusual punishment waived by failure to object in trial court); Smith v. State, 
10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (holding complaint 
that statute under which appellant was sentenced unconstitutionally allowed 
grossly disproportionate sentence as applied to him waived by failure to object 
in trial court); Yatalese v. State, 991 S.W.2d 509, 511 (Tex. App.—Houston 
[1st Dist.] 1999, pet. ref’d) (holding complaint that sentence was grossly 
disproportionate in violation of state and U.S. constitutions waived by failure 
to object in trial court). 
 
                                                          ANNE GARDNER 
                                                          JUSTICE
PUBLISH
DELIVERED: October 2, 2003