Opinion issued November 18, 2004










     


In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00311-CR




TIMOTHY EDWARD ROBERTS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 673980




MEMORANDUM OPINION

          The trial court assessed appellant Timothy Edward Roberts ten years’ deferred
adjudication for attempted murder. After the State moved to adjudicate guilt, the trial
court found Roberts guilty and sentenced him to twenty years’ confinement. We
affirm. 
Background
          On September 6, 1993, Roberts’s wife, Sandi Roberts, served Roberts with
divorce papers at a Burger King restaurant. Roberts left the restaurant and later
returned with a pistol. When he returned, he saw Sandi sitting in a car with her
friend, Frank Kellogg. Roberts shot Sandi four times in the head and once in the
shoulder. As a result, Sandi suffers from slurred speech, partial hearing loss, and
partial paralysis of her left hand. 
          The State charged Roberts with the attempted murder of Sandi.


 The State
added an aggravated assault charge, but later abandoned it, leaving only the attempted
murder charge. Roberts pleaded no contest without an agreed recommendation, and
the trial court assessed ten years’ deferred adjudication for attempted murder. In
December 1999, the State moved to adjudicate guilt. In March 2000, the trial court
found Roberts guilty of aggravated assault and sentenced him to ten years’
confinement. 
          In January 2002, the Fourteenth Court of Appeals reversed the conviction,
holding that the trial court improperly had adjudicated appellant for aggravated
assault—an offense different from the attempted murder charge in the original plea. 
Roberts v. State, Nos. 14-00-00514-CR, 14-00-00515-CR, 2002 WL 122502, at *3
(Tex. App.—Houston [14th Dist.] Jan. 31, 2002, pet. ref’d) (not designated for
publication). The court restored Roberts to the same position he had been in when
the trial court originally sentenced him to ten years’ deferred adjudication. Id. 
          In December 2002, the State again moved to adjudicate guilt, and Roberts
pleaded not true to each allegation. In February 2003, after a hearing, the trial court
found Roberts guilty of attempted murder and sentenced him to twenty years’
confinement, to run consecutive to his conviction in cause number 673979 (the
aggravated assault of Frank Kellogg). In six issues, Roberts contends that the trial
court erred in (1) adjudicating guilt in violation of the prior holding in the first
appeal; (2) violating his due process rights in assessing a vindictive sentence; (3)
considering three federal offenses, for which Roberts had been acquitted, during the
punishment phase of the adjudication hearing; (4) cumulating the sentence in this
cause with the sentence in cause number 673979, because the underlying offenses
occurred during the same transaction; (5) violating the federal constitutional right
against cruel and unusual punishment; and (6) violating the state constitutional right
against cruel and unusual punishment. 
 
Adjudication of Guilt
          Roberts contends that the trial court violated the terms of the Fourteenth Court
of Appeals’ earlier holding in allowing the State to proceed on grounds for revocation
that are identical to the grounds used in the first adjudication proceeding. See
Roberts, 2002 WL 122502, *3. This contention lacks merit, because the Fourteenth
Court of Appeals held that the trial court erred in adjudicating Roberts for aggravated
assault, an offense different from the attempted murder charge in the original plea. 
See id. In its holding, the court of appeals restored Roberts to the position he was in
when the trial court originally sentenced him to ten years’ deferred adjudication for
attempted murder: 
In cause number 673980, to restore appellant to the position he occupied
when he received deferred adjudication probation for the offense of
attempted murder (1) we vacate the trial court's March 15, 2000 nunc
pro tunc order, which changed the offense for which appellant pled no
contest from attempted murder to aggravated assault; (2) we vacate the
March 9, 2000 judgment adjudicating appellant’s guilt, and sentencing
him to ten years’ confinement, for aggravated assault; (3) we vacate the
March 9, 2000 order cumulating appellant’s sentence in cause number
673980 with the sentence assessed in cause number 673979; (4) we
vacate the May 5, 1994 order deferring adjudication of guilt for
aggravated assault; (5) we order the trial court to reinstate its May 5,
1994 order deferring adjudication of guilt for attempted murder; and (6)
we remand this cause to the trial court for further proceedings consistent
with this opinion.

Id. The court did not review or address the allegations recited in the State’s motion
to adjudicate. Id. Nothing in the court’s opinion holds or even implies that the State
could not proceed with a motion to adjudicate on the same grounds. See id. We thus
hold that the trial court did not err in adjudicating guilt based on the State’s 2002
motion to adjudicate.
Vindictiveness of Sentence
          Roberts contends that the trial court violated his due process rights in assessing
a vindictive sentence. The trial court originally sentenced Roberts to ten years’
deferred adjudication. During the first revocation proceeding, the trial court found
Roberts guilty and sentenced him to ten years’ confinement. After the Fourteenth
Court of Appeals reversed the trial court’s adjudication of guilt, the State moved to
adjudicate guilt. The trial court again found Roberts guilty and this time sentenced
him to twenty years’ confinement. 
          In North Carolina v. Pearce, the United States Supreme Court held that
“vindictiveness against a defendant for having successfully attacked his first
conviction must play no part in the sentence he receives after a new trial.” 395 U.S.
711, 725, 89 S. Ct. 2072, 2079 (1969), overruled on other grounds by Alabama v.
Smith, 490 U.S. 794, 109 S. Ct. 2201 (1989). Initially, we observe that Roberts failed
to preserve this complaint for review. To preserve error for appeal, a complaining
party must object and obtain an adverse ruling on the record, unless the trial court
refuses to rule on the objection and the complaining party objects to the refusal. See
Tex. R. App. P. 33.1. During the adjudication of guilt hearing, Roberts’s defense
attorney stated, “[B]efore I make any announcement, I need to dictate some things
into the record.” He then stated his complaint about prosecutorial vindictiveness, as
follows:
[W]hat really disturbs me about the procedural history of this
case, it is -- it really smacks of prosecutorial vindictiveness because now
what the State is attempting to do, I gather, by quote/unquote proceeding
to another adjudication is to suggest to the Court a basis for exceeding
its ten year sentence that it gave in the first proceeding and that is to
essentially punish Mr. Roberts for exercising his appellate right. . . . So,
my announcement is contingent first upon that being resolved. 
          Defense counsel merely “dictated some things into the record.” The trial court
responded, “Thank you.” The trial court’s response does not constitute an adverse
ruling, as required by Rule 33.1. See Tex. R. App. P. 33.1; Cienfuegos v. State, 113
S.W.3d 481, 488-89 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that trial
court’s ambiguous response of “I understand,” did not constitute an adverse ruling). 
Moreover, counsel did not object based on vindictiveness at the time the trial court
imposed the sentence. Roberts therefore failed to preserve error. See United States
v. Vontsteen, 950 F.2d 1086, 1089-90 (5th Cir. 1992) (requiring defendant to make
contemporaneous objection that sentence on remand was vindictive under
constitutional due process).
          Even if Roberts had preserved this issue, his contention fails. A trial court’s
reasons for imposing a harsher sentence after a new trial must appear affirmatively
in the record. Alabama v. Smith, 490 U.S. 794, 798, 109 S. Ct. 2201, 2204 (1989). 
Otherwise, a presumption arises that the trial court imposed a greater sentence for a
vindictive purpose. Id. at 798-99, 109 S. Ct. at 2204. The State may rebut this
presumption with objective information justifying the increased sentence. Id. at 799,
109 S. Ct. at 2204. The defendant has the burden to prove actual vindictiveness if 
no “reasonable likelihood” exists that the increase is the product of actual
vindictiveness. Id. at 799, 109 S. Ct. at 2205. The trial court may consider any
information that reasonably bears on the defendant’s proper sentence. Wasman v.
United States, 468 U.S. 559, 563, 104 S. Ct. 3217, 3220 (1984). 
          The State contends that the trial court intended to sentence Roberts to the
maximum amount of time at the original sentencing and on remand. In 1993, the
maximum sentence for aggravated assault was ten years, and the maximum sentence
for attempted murder was twenty years, as it remains today.


 Thus, the trial court had
a broader range of sentences for the attempted murder offense at the second
adjudication of guilt hearing. Such a change in circumstances rebuts a presumption
of vindictiveness. 
          Moreover, Sandi Roberts did not testify at the original adjudication
proceedings in March 2000; however, she did testify at the second punishment
proceedings in February 2003. Sandi testified that, in April 2000, one month after the
first adjudication hearing, Roberts mailed an empty envelope, marked with his return
jail address, to Sandi in Knoxville, Tennessee. After receiving the envelope, Sandi
was terrified that Roberts would try to kill her and “finish what he started.” She was
concerned for her personal safety and for her children and other family members. 
Sandi never gave Roberts her Tennessee address; however, the trial court took
judicial notice of the fact that Roberts had access to that address through a subpoena
that the district attorney’s office issued in 2000. Sandi also offered additional
evidence regarding her condition, which was not before the trial court at the first
adjudication hearing. Sandi testified that an unremovable bullet is still lodged
between her spine and heart. The bullet presses on her nerves, affecting her left
shoulder. She also has problems with her speech due to Roberts shooting her in the
head. This additional evidence serves as a proper basis for Roberts’s harsher
punishment. We hold that the trial court did not err in imposing an increased
sentence.
 
Alleged Federal Offenses
          Roberts complains that, during the punishment phase of the adjudication
hearing, the trial court improperly considered three federal weapons offenses in
Galveston, for which he had been acquitted. The three federal offenses alleged that
Roberts (1) had possessed a .22 caliber rifle in his home, (2) had receipts from a prior
possession of a .357 caliber revolver, and (3) had lied on an ATF form by stating that
he was not under indictment. 
          We hold that Roberts did not preserve this complaint for review. To preserve
error for appeal, a complaining party must not only object, but must also obtain an
adverse ruling on the record, unless the trial court refuses to rule on the objection and
the complaining party objects to the refusal. See Tex. R. App. P. 33.1. During the
adjudication hearing, again defense counsel merely “dictated some things into the
record”:
[T]here are three allegations basically alleging firearm violations
in Federal court. Those allegations weren’t abandoned by the State in
the prior hearings.


 And that again smacks of prosecutorial
vindictiveness to now try to reurge those at this late date. My client was
found not guilty in Federal court of those offenses, and now [the State],
well aware of that situation, well aware of the evidence that he had then,
now is seeking to resurrect those offenses. And once again, even though
my sinuses are infected, I know the smell of prosecutorial vindictiveness
when I smell it and that just reaps of prosecutorial vindictiveness. I
suggest to the Court that is just totally improper. 
 
Judge, I understand that there is a lot of ambivalence out there
with respect to what constitutes double jeopardy, but we would also
contend that he is collaterally estopped since the Federal jury acquitted
Mr. Roberts of those charges in Federal court that he should be
procedurally barred from pursuing on those also. 
Here again, the trial court’s response of “Thank you” does not constitute an adverse
ruling. See Tex. R. App. P. 33.1; Cienfuegos, 113 S.W.3d at 488-89. Without an
adverse ruling, Roberts failed to preserve error. Roberts also waived error because
his collateral estoppel objection during the adjudication portion of the hearing does
not comport with his complaint on appeal. See Massey v. State, 933 S.W.2d 141, 157
(Tex. Crim. App. 1996) (holding that trial objection regarding expert testimony did
not comport with issue on appeal). 
Cumulation of Sentences
          Roberts contends that the trial court improperly stacked the sentence in this
cause with the sentence in cause number 673979 (the aggravated assault of Frank
Kellogg), because the underlying offenses occurred during the same transaction. 
Section 3.03 of the Texas Penal Code provides that a sentence “shall run
concurrently”:
When the accused is found guilty of more than one offense arising out
of the same criminal episode prosecuted in a single criminal action, a
sentence for each offense for which he has been found guilty shall be
pronounced. 
Tex. Pen. Code Ann. § 3.03 (Vernon 2003). Accordingly, a trial court improperly
stacks sentences when the offenses arise out of the “same criminal episode” and the
proceeding is a “single criminal action.” Id.; Duran v. State, 844 S.W.2d 745, 746
(Tex. Crim. App. 1992). In Duran, the record did not show that the proceedings
occurred in a single criminal action; thus, the Court of Criminal Appeals held that the
trial court properly stacked the sentences. Id. 
          On appeal, Roberts mentions only the “same criminal episode” requirement;
however, he offers no evidence to support the “single criminal action” requirement. 
As this court explained in Medina v. State,
[T]he term “criminal action” includes not only appellant’s pleas of guilty
but also the hearings on the State’s motions to revoke his probation. 
Therefore, to be entitled to concurrent sentences under section 3.03,
appellant must establish that the offenses were consolidated at the time
of his pleas as well as the hearings on the motions to revoke his
probations.

7 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding that trial
court properly stacked sentences when two offenses were charged more than ten
months apart and not consolidated at original guilty pleas). 
          Roberts waived his right to a court reporter at the initial plea proceeding. The
record does not contain a motion to consolidate, and we find no evidence in the
record to show that the trial court consolidated the two causes at the time of the
original pleas. The record contains two separate indictments and two separate
reporter’s records of the adjudication hearings. When the State moved to cumulate
the sentences, the prosecutor explained, “We had a separate hearing on 673979,
which was followed immediately by another separate hearing on 673980. We’ve now
had a retrial of that separate hearing on 673980.” Roberts failed to show that the
offenses were “prosecuted in a single criminal action,” as required by Penal Code
section 3.03. See Tex. Pen. Code Ann. § 3.03; Duran, 844 S.W.2d at 746; Medina,
7 S.W.3d at 879. We therefore hold that the trial court did not err in stacking the
sentences. 
Cruel and Unusual Punishment
          Roberts contends that his twenty-year sentence violates his rights against cruel
and unusual punishment under the United States and Texas Constitutions.


 See U.S.
Const. amend. VIII, XIV; Tex. Const. art. I., § 13. We hold that Roberts did not
preserve this complaint for review. To preserve error on appeal, a defendant must
make a timely request, objection, or motion. See Tex. R. App. P. 33.1. Otherwise,
a defendant may waive the right to be free from cruel and unusual punishment. See,
e.g., Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding that failure
to object in trial court waived complaint about death sentence violating prohibition
against cruel and unusual punishment); Yatalese v. State, 991 S.W.2d 509, 511 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d) (holding that failure to object in trial
court waived complaint against cruel and unusual punishment). 
          Roberts did not object to his sentence as a violation of his right against a cruel
and unusual punishment. When the trial court announced the sentence, Roberts
stated, “I want to appeal this. This is not justice.” Roberts’s statement is not an
objection, and even if we construe it to be an objection, it does not comport with his
issue on appeal. See Tex. R. App. P. 33.1(a). Without a proper trial objection,
Roberts waived this complaint. See id.; see also Curry, 910 S.W.2d at 497.
Conclusion
          We affirm the judgment of the trial court. 



                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).