Opinion issued May 24, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00146-CR






DENNIS LEN LIVINGS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court 

Harris County, Texas

Trial Court Cause No. 1035169






MEMORANDUM OPINION


 Waiving his right to a jury, appellant was found guilty by the trial court of
aggravated sexual assault against T.D, appellant's 10-year-old granddaughter. See
Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006). The trial court also found
"true" the enhancement paragraph alleging that appellant had previously been
convicted of "the felony offense of aggravated rape." Pursuant to Penal Code section
12.42(c)(2), which provides for a mandatory life sentence for certain types of repeat
sexual offenders, the trial court sentenced appellant to life in prison. See Tex. Pen.
Code Ann. § 12.42(c)(2) (Vernon Supp. 2006). 

 In three issues, appellant contends that (1) the evidence is legally and factually
insufficient to support his conviction; (2) he received ineffective assistance of counsel
at trial; and (3) the prosecutor engaged in prosecutorial misconduct.

 We affirm.

Background


 In June 2004, T.D and her brother began living with appellant, who is their
grandfather. Before then, the children had lived with Cathy Thomas, a friend of
T.D.'s father. After they began living with appellant, the children continued a
relationship with Thomas. 

 T.D spent time with Thomas during the 2004 Christmas holiday. While staying
with Thomas, T.D began misbehaving. Because of the behavior, Thomas had
appellant pick up T.D. from her home. Appellant later telephoned Thomas, stating
that T.D was "trying to break up the family." Appellant told Thomas that T.D had
stated to appellant's girlfriend, Pat, that appellant had sexually assaulted her. 
Appellant was concerned because he was on parole for rape.

 T.D. returned to Thomas's home on January 1, 2005. At that time, T.D told
Thomas, in detail, how appellant had sexually assaulted her by trying to insert his
penis into her vagina. T.D. also told Thomas that Pat's son, Marquise, had at one
time attempted to penetrate her anally. 

 Thomas took T.D. to Texas Children's Hospital to be examined on January 2,
2005. T.D told the examining physician, Dr. Amber Stocco, that she had been
molested by appellant. The examination revealed that T.D.'s hymen was completely
gone and that her "vaginal vault" had "quite a bit of erythema," both of which are
atypical for a child of T.D.'s physical development. At trial, Thomas testified that she
had taken T.D. to the doctor in April 2004 for a bladder problem. The examining
doctor had found that T.D.'s hymen was intact at that time. 

 On January 5, 2005, T.D. was interviewed at the Children's Assessment Center
by Officer M. Parrie of the Houston Police Department's Juvenile Sex Crimes Unit. 
T.D.'s statements to Officer Parrie were consistent with the outcry that she had made
to Thomas regarding the sexual assault by appellant. Officer Parrie later interviewed
appellant, who denied T.D.'s allegations.


 Legal and Factual Sufficiency


 In his first issue, appellant contends that "[t]he State's evidence was legally and
factually insufficient to support the trial court's verdict because the record fails to
show, beyond a reasonable doubt, that Appellant, and not another specified person,
committed the offense."

A. Standards of Review 

 In a legal-sufficiency review, we view the evidence in the light most favorable
to the verdict to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000). The standard is the same for both direct and
circumstantial evidence. Sutherlin v. State, 682 S.W.2d 546, 548-49 (Tex. Crim.
App. 1984). In determining the legal sufficiency of the evidence to show appellant's
intent, and when faced with a record that supports conflicting inferences, we "must
presume--even if it does not affirmatively appear in the record--that the trier of fact
resolved any such conflict in favor of the prosecution, and must defer to that
resolution." Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. See Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We
will set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 416-17 (Tex. Crim. App. 2006). Under the second prong of
Johnson, we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury's resolution of that conflict. Id. Before finding
that evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id.

 In conducting a factual-sufficiency review, we must also discuss the evidence
that, according to the appellant, most undermines the jury's verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003). We may not re-weigh the evidence and
substitute our judgment for that of the fact-finder. King, 29 S.W.3d at 562. The
fact-finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact-finder's evaluation of
credibility and demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the
credibility of the witnesses, the fact-finder may choose to believe all, some, or none
of the testimony presented. Id. at 410 n.5.

B. Legal Sufficiency Analysis

 Pursuant to Penal Code section 22.021, a person commits aggravated sexual
assault if he intentionally or knowingly causes the penetration of the sexual organ or
anus of a child younger than 14 years of age by any means. See Tex. Pen. Code
Ann. § 22.021(a)(1)(B)(i), 2(B) (Vernon Supp. 2006). In this case, the State alleged
that appellant committed aggravated sexual assault when he vaginally penetrated T.D.
with his penis. Appellant contends that the evidence was legally insufficient to show
that he, rather than another person, penetrated T.D.'s vagina.

 At trial, T.D. testified that appellant put his penis in her vagina on six or seven
different occasions. T.D. gave specific details regarding what appellant did and said
before and after he abused her in this manner. T.D. testified that it hurt her and felt
"like needles." T.D. further testified that Marquise never penetrated her vaginally;
rather, he had attempted to penetrate her anus only.

 It is well-established that a child victim's testimony alone is sufficient evidence
to support a conviction for aggravated sexual assault. Tex. Code Crim. Proc. Ann.
art. 38.07 (Vernon 2005); Perez v. State, 113 S.W.3d 819, 838 (Tex. App.--Austin
2003, pet. ref'd); Empty v. State, 972 S.W.2d 194, 196 (Tex. App.--Dallas 1998, pet.
ref'd). Viewing the evidence in the light most favorable to the verdict, we conclude
that, based on T.D.'s trial testimony, a rational trier of fact could have found beyond
a reasonable doubt that appellant, and not another person, penetrated T.D.'s vagina
with his penis. Thus, we hold that the evidence was legally sufficient to support
appellant's conviction for aggravated sexual assault. See Tex. Pen. Code Ann.
§ 22.021(a)(1)(B)(i), 2(B).

C. Factual Sufficiency Analysis

 Appellant asserts that the evidence is factually insufficient because "[t]he
evidence requires a verdict that Marquise committed the sexual assault and not the
Appellant." Appellant contends that "testimony," which he never identifies in the
record, and T.D.'s medical records created "an alternate hypothesis" regarding who
sexually assaulted T.D. by vaginal penetration. 

 In particular, appellant cites a social worker's notation found in T.D.'s medical
records from Texas Children's Hospital. The social worker wrote, "[T.D.] then
recanted this information [regarding the sexual assault by appellant] and said she just
wanted to stay with Cathy [Thomas] which is why she made the allegation." We
disagree with appellant that the social worker's notation establishes that the evidence
was factually insufficient to support a finding that appellant sexually assaulted T.D. 
 When read in the context of the entire medical report, it is unclear from the
notation whether T.D. told the social worker that she had recanted or whether Thomas
gave the social worker that information. The social worker, who made the notation,
did not testify at trial. In contrast, T.D. denied, when questioned, that she had at any
time recanted her allegations against appellant. Thomas also testified that T.D. had
never recanted, and each of the State's other witnesses--Dr. Stocco, Officer Parrie,
and T.D.'s therapist, Dr. Amanda Norris--testified that he or she had never heard
T.D. recant the allegations against appellant.

 As the fact-finder, it was for the trial court to resolve any discrepancies or
inconsistencies in the evidence, to determine the credibility and weight to be given
the evidence, and to draw reasonable inferences from the evidence. See Tex. Code
Crim. Proc. Ann. art. 38.04 (Vernon 1979); Bowden v. State, 628 S.W.2d 782, 784
(Tex. Crim. App. 1982). Thus, the trial court was in the best position to determine
whether T.D., or any other witness, was being truthful and to resolve any
discrepancies between the medical records and the witnesses' testimony. We give
proper deference to that determination. See Marshall v. State, 210 S.W.3d 618, 625
(Tex. Crim. App. 2006).

 After reviewing all of the evidence in a neutral light, we cannot conclude that
the evidence is so weak that the verdict is clearly wrong and manifestly unjust or that
the verdict is against the great weight and preponderance of the evidence. Johnson,
23 S.W.3d at 11. We hold that the evidence is factually sufficient to support
appellant's conviction.

 We overrule appellant's first issue.

Ineffective Assistance of Counsel


 In his second issue, appellant contends that his "trial attorney rendered
ineffective assistance by not objecting to inadmissible outcry hearsay testimony, by
failing to point out medical record testimony that showed that someone other than the
Appellant was responsible for breaking the child's hymen, and by failing to object to
victim-impact testimony."

A. Principles Governing Ineffective Assistance of Counsel Claims

 Although the constitutional right to counsel ensures the right to reasonably
effective counsel, it does not guarantee errorless counsel whose competency or
accuracy of representation is to be judged by hindsight. Rylander v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003). To prove ineffective assistance of counsel,
appellant must show (1) that counsel's performance fell below an objective standard
of reasonableness and (2) that there is a reasonable probability that, but for counsel's
unprofessional error, the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Andrews
v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). A failure to make a showing
under either prong of the Strickland standard defeats a claim of ineffective assistance
of counsel. Rylander, 101 S.W.3d at 110-11.

 Appellant must prove ineffective assistance by a preponderance of the evidence
and must overcome the strong presumption that counsel's conduct falls within the
wide range of reasonable professional assistance or might reasonably be considered
sound trial strategy. See Robertson v. State, 187 S.W.3d 475, 482 (Tex. Crim. App.
2006); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no
pet.). The record must be sufficiently developed to overcome the strong presumption
of reasonable assistance. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App.
1999). Generally, a silent record that provides no explanation for counsel's actions
will not overcome the strong presumption of reasonable assistance. Rylander, 101
S.W.3d at 110-11. Likewise, without evidence of counsel's trial strategy, the
reviewing court will presume sound trial strategy. Thompson, 9 S.W.3d at 814; see
also Rylander, 101 S.W.3d at 111. 

B. Failing to Object to Inadmissible Outcry Testimony

 Appellant claims that his trial counsel was ineffective for failing to object to
the testimony of Thomas, the State's outcry witness, because she was not the first
person T.D. told about the offense. (1)
 Appellant contends that appellant's girlfriend, 
Pat, was the first person to whom T.D. outcried. 

 Appellant correctly asserts that T.D. told Pat that appellant had sexually
assaulted her. However, the record does not indicate whether T.D. told Pat any
details regarding the assault. In comparison, the record shows that T.D. told Thomas
about the sexual assault in detail. 

 In Garcia v. State, the Court of Criminal Appeals held that, when the child
makes only a "general allusion" of sexual abuse to the first person, but gives a more
detailed account to a second person, the second person may be the proper outcry
witness. 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). The Garcia Court interpreted
the "first person" and "statement about the offense" language in article 38.072 to
mean that the outcry witness must be the first person, 18 years old or older, to whom
the child made a statement that in some discernable manner described the alleged
offense. Id. Despite the fact that the child first told her teacher about her
step-father's abuse, the Garcia court held that the trial court properly designated
another person as the outcry witness because that person was the "first person" to
whom the child actually described the offense in a discernable manner. Id. at 91-92;
see Hayden v. State, 928 S.W.2d 229, 231 (Tex. App.--Houston [14th Dist.] 1996,
pet. ref'd) (concluding that child protection service worker was proper outcry witness
because there was no evidence that school counselor to whom child first made outcry
statement was given any details of alleged offense).

 From the record, there is no evidence that T.D. told Pat about any details of the
offense. In comparison, the evidence showed that Thomas was the first adult to
whom T.D. made a detailed outcry regarding the sexual assault. Any objection that
appellant's trial counsel would have made to Thomas testifying as the outcry witness
would have been properly overruled. Thus, appellant has not shown that his
counsel's performance fell below an objective standard of reasonableness for not
objecting to Thomas's testimony. See Bradshaw v. State, 65 S.W.3d 232, 238 (Tex.
App.--Waco 2001, no pet.) (holding no ineffective assistance of counsel shown when
objection to outcry witness would not have been sustained).

C. Failing to Point Out Exculpatory Medical Record Evidence

 Appellant next contends that his trial counsel was ineffective because counsel
"failed to point out to the judge that the medical records revealed that Marquise, not
the Appellant, likely broke the child's hymen." 

 Appellant does not indicate which portion of the medical records show that it
was Marquise, not appellant, who penetrated T.D. vaginally. A review of the medical
records indicates that T.D. reported that appellant penetrated her vaginally and that
Marquise had attempted to penetrate her anally. We find no evidence in the record
indicating that Marquise had tried to penetrate T.D.'s vagina. 

 To the extent that appellant contends his trial counsel did not point out the
social worker's notation in the medical records indicating that T.D. had recanted her
allegations, such contention is also without merit. Trial counsel not only offered the
medical records into evidence, he also cross-examined each of the State's witnesses
regarding either the notation in the medical records or generally about whether T.D.
had recanted. For these reasons, appellant has not demonstrated that his trial
attorney's representation fell below an objective standard of reasonableness for
failing to point out exculpatory evidence in T.D.'s medical records. 

D. Failing to Object to "Victim Impact" Testimony

 Lastly, appellant contends that his trial counsel was deficient because he did
not object to "impermissible evidence of victim-impact." Appellant points to
testimony by Thomas regarding T.D.'s emotional state after the outcry. Specifically,
appellant contends that his trial counsel should have objected to Thomas's testimony
that (1) T.D. was "not doing well," (2) T.D. spoke of wanting to kill herself, and (3)
T.D. "worried a lot." Appellant claims such testimony was not relevant during the
guilt-innocence phase of trial.

 In Yatalese v. State, we held that evidence of a complainant's changed
demeanor is relevant in a sexual assault case to show that the offense occurred. 991
S.W.2d 509, 511 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). We stated, "A
change for the worse in the complainant's behavior after the offense is consistent with
a traumatic event having befallen her." Id. Thus, if appellant's trial counsel had
objected to Thomas's testimony, such objection would have been properly overruled.
See id. Appellant has not shown that his trial attorney's representation fell below an
objective standard of reasonableness because he did not object to Thomas's testimony
regarding T.D.'s demeanor following the sexual assault. See Hernandez v. State, 799
S.W.2d 507, 509 (Tex. App.--Corpus Christi 1990, pet. ref'd) (explaining that failure
to object does not establish ineffective assistance of counsel if no proper objection
could have been made)

 We hold that appellant has not shown that he received ineffective assistance
of counsel during trial. (2) We overrule appellant's second issue. 

"Prosecutorial Misconduct"


 In his third issue, appellant contends that "the Prosecutor engaged in
prosecutorial misconduct in telling the trial judge that the Appellant destroyed the
child's hymen when the Prosecutor knew, or should have known, that the medical
records showed that someone else, Marquise, was likely the person who destroyed the
hymen." Citing Code of Criminal Procedure 2.01, appellant contends that the
prosecutor has a duty "to see that justice is done." See Tex. Code Crim. Proc. § 2.01
(Vernon 2005) (providing, in part, "It shall be the primary duty of all prosecuting
attorneys, including any special prosecutors, not to convict, but to see that justice is
done. They shall not suppress facts or secrete witnesses capable of establishing the
innocence of the accused."). Here, appellant has not shown that the prosecutor in this
case violated that duty. Simply stated, the basis for appellant's argument is
unfounded in the record. 

 In the indictment, the State charged that appellant committed aggravated 
sexual assault by penetrating T.D vaginally. Besides the testimony of T.D., the State
supported this charge with evidence that, before T.D. went to live with appellant, her
hymen was intact. The State further showed that, after T.D. claimed appellant
sexually assaulted her, a medical examination revealed that her hymen was gone. The
State presented this as circumstantial evidence to show that appellant had sexually
assaulted T.D. as charged in the indictment. 

 Appellant points to no evidence indicating that Marquise sexually assaulted
T.D. vaginally. Rather, the evidence, including the medical records, showed that
Marquise assaulted T.D. by anal penetration only. Thus, given the evidence, the State
was entitled to argue that appellant sexually assaulted T.D. vaginally.

 The record also does not support appellant's claim that the State withheld
exculpatory evidence. Appellant cites Cook v. State, 940 S.W.2d 623 (Tex. Crim.
App. 1996) in support of his contention. Cook is inapposite to the case at bar. In
Cook, the Court of Criminal Appeals ordered the defendant to be re-tried because the
prosecutor had withheld exculpatory information, withheld the existence of another
suspect, misrepresented to the jury deals made with witnesses, and pressured a State's
witness to present false and misleading evidence. Id. at 625. Such conduct is not
present in this case. To the contrary, the State presented evidence to the trial court
regarding the sexual assault by Marquise. Specifically, the prosecutor questioned, on
direct examination, three of the State's witnesses regarding the assault. 

 The record also shows that the State disclosed T.D.'s medical records in
advance of trial. The medical records contain the only evidence that T.D. recanted
her allegations against appellant and contain notations regarding the sexual assault
by Marquise. The State filed T.D.'s medical records with the court clerk over a
month before trial and sent defense counsel notice of the records at that time. In sum,
appellant's claim of prosecutorial misconduct is not supported by the record. 

 We overrule appellant's third issue.

Conclusion


 We affirm the judgment of the trial court.


 



 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).

1. Appellant's issue is premised on Code of Criminal Procedure article 38.072, which
provides an exception to the hearsay rule by allowing testimony regarding a child's
initial outcry statement made to the first person 18 years of age or older. See Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon 2005).

2. Appellant also contends that the "cumulative effect" of his trial counsel's "acts or
omissions" deprived him of his right to effective assistance of counsel. Because
appellant has not demonstrated deficient performance by his trial counsel, there can
be no cumulative error or harm. See Chamberlain v. State, 998 S.W.2d 230, 238
(Tex. Crim. App. 1999).